## CONTINUATION OF COMPLAINT

I, Lindsey Moorehead, being duly sworn, hereby depose and state as follows:

### Introduction and Background

1. I am a Task Force Officer with the Drug Enforcement Administration ("DEA"). I have been so assigned since approximately January 2019. As part of my duties as a DEA Task Force Officer, I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956 and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952, 963. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

2. I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods, which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug-trafficking enterprises. I have participated in numerous investigations involving violations of narcotics laws. I have participated in investigations that have led to the issuance of search warrants involving violations of narcotic laws. These warrants involved the search of locations including: residences of targets, their associates, and relatives; storage facilities; smartphones; and computers. Evidence searched for, and recovered,

in these locations has included controlled substances, records pertaining to the expenditures and profits realized therefrom, monetary instruments, and various assets that were purchased with the proceeds of the drug trafficking.

3. This continuation is submitted for the purpose of obtaining an arrest warrant for MYKAEL LEE BOOKER for possession with intent to distribute cocaine, in violation of Title 18, United States Code Sections 841(a) and 841(b)(1)(B)(ii)(II), and possession of ammunition by a felon, in violation of Title 21, United States Code Section 922(g). It contains only a summary of relevant facts. I have not included each and every fact known to me concerning the entities, individuals, and events described in this continuation

## Probable Cause

4. This continuation is based on a DEA, Grand Rapids Police Department, Kent County Sheriff's Department, and Michigan State Police investigation.

5. On November 22, 2020, DEA obtained and executed a warrant (1:20-mj-493) to search 3037 Wingate Drive SE, Apt 2-B, Kentwood, Michigan.

6. When law enforcement entered 3037 Wingate Drive SE, Apt 2-B, MYKAEL BOOKER and his girlfriend were the only people inside. This is a studio apartment.

7. During the search of the residence, officers located:

    a.    approximately 3.248 kilograms (including packaging) of a substance that field-tested positive for cocaine, located in the closet near the bed;

    b.    a hand press, located in a black box in the main room;

    c.    two digital scales, located in a blue tote in the main room;

    d.    seven rounds of .45 caliber Winchester ammunition and a magazine in a gun case by the front door.

8.    Investigators have been conducting surveillance of BOOKER, and for approximately the week preceding November 22, 2020, saw him routinely coming and going from Apartment 2-B.

9.    BOOKER's girlfriend told investigators that she recently drove BOOKER to Detroit to obtain drugs.

10.    MYKAEL BOOKER was prohibited from possessing ammunition because he is a convicted felon. He has prior felony convictions for carrying a concealed weapon in 2007, delivery or manufacture of a controlled substance in 2007, delivery or manufacture of a controlled substance in 2008, and home invasion – second degree in 2011.

11.    In my training and experience, the quantity of drugs found, in combination with the digital scales often used to weigh controlled substances and hand press often used to package controlled substances, suggest that the drugs were intended for distribution.

12.    I have confirmed with a special agent from the Bureau of Alcohol,

Tobacco, Firearms, and Explosives that Winchester ammunition is manufactured outside the State of Michigan.

## Conclusion

13. Based on the forgoing information, I submit there is probable cause to believe that MYKAEL BOOKER has violated United States Code Sections 841(a) and 841(b)(1)(B)(ii)(II) and Title 21, United States Code Section 922(g).