UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,                        Case no. 1:20-cr-189

v.                                        Hon. Paul L. Maloney
                                             United States District Judge

MYKAEL LEE BOOKER.

       Defendant.
_____/

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT
FOR ENDS OF JUSTICE CONTINUANCE**

      The defendant, Mykael Lee Booker, by his attorney, Helen C. Nieuwenhuis, First Assistant Federal Public Defender, hereby moves this Honorable Court for at least a 90-day ends of justice continuance of the final pretrial conference and jury trial dates. The defendant requests this continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and Local Criminal Rule 23.2 of the Local Rules of Practice and Procedure for the United States District Court for the Western District of Michigan.  The Assistant U.S. Attorney in this matter, Jonathan Roth, does not oppose the relief requested in Defendant's Motion for an Ends of Justice Continuance.

**Brief in Support**

      Mr. Booker was charged by way of Complaint on November 23, 2020, with possession with intent to distribute cocaine, and being a felon in possession of a firearm. On November 23, 2020, Mr. Booker appeared for his first appearance and requested court-

appointed counsel at that time.  He was remanded to the custody of the United States Marshal Service.  Mr. Booker returned to court on November 25, 2020, for his preliminary and detention hearings.  He was detained pending trial in this matter.

On December 16, 2020, an 11-Count Indictment was filed charging Mr. Booker and three co-defendants with various charges consisting of one count of conspiracy to distribute and possess with intent to distribute cocaine; three separate counts of possession with intent to distribute controlled substances; one count of being a felon in possession of ammunition; two separate counts of possession of a firearm(s) in furtherance of drug trafficking; two separate counts of possession with intent to distribute cocaine; and two separate counts of being a felon in possession of a firearm(s).

On December 17, 2020, Mr. Booker returned to court with Attorney Nieuwenhuis for his arraignment and initial pretrial conference hearings.  He was detained.

On January 27, 2021, a Superseding Indictment was filed against Defendant Moore and Defendant Cartwright adding four charges consisting of conspiracy to commit concealment money laundering and three counts of concealment money laundering and aiding and abetting concealment money laundering.

On February 12, 2021, the Court granted Defendant Moore's previously filed Motion for Ends of Justice Continuance. (ECF No. 65).  The final pretrial conference is currently scheduled for April 19, 2021, and the jury trial is currently scheduled for April 27, 2021.  Defendant Moore has entered a plea and Defendant Johnson is currently scheduled to enter a plea.  Defendant Cartwright has also filed a motion for a continuance.

(ECF No. 80).  Counsel is now requesting at least a 90-day continuance of all dates for the reasons set forth below.

Counsel has been diligently working on this matter and reviewing the discovery. This is a multi-defendant case, and the discovery is voluminous consisting of interviews, wire intercept records for each defendant, criminal history reports, physical evidence, multiple search warrants totaling 1,890 pages, various reports totaling over 750 pages, and several cell phone and computer extractions.  Counsel needs additional time to review said discovery and to further investigate the case.

Pursuant to the protective order in place, Mr. Booker is not able to retain a copy of non-redacted discovery.  Protocols in place due to COVID-19 have also made it challenging for counsel to review the discovery with Mr. Booker.  Counsel is in the process of providing the discovery to her client in a manner that will adhere to the restrictions in the protective order.  Counsel anticipates being able to provide all received discovery to Mr. Booker in the near future.  Once Mr. Booker has the discovery, Mr. Booker will need time to thoroughly review the discovery in his case.

The extension of time will also allow counsel to meet with her client to review said discovery and discuss his legal options with her client.  No prejudice to the government would result from this extension of time.  Further, on the date currently scheduled for trial in this matter, April 27, 2021, undersigned counsel is scheduled to begin a trial in another matter before the Honorable Janet T. Neff (*United States of America v. Diapolis Tiant Smith, 1:20-cr-165*).  Mr. Smith's trial has been rescheduled twice.

Mr. Booker understands that he has a right to a speedy trial pursuant to 18 U.S.C. § 3161. The authority to exclude time from the running of the 70-day period within which a defendant must be brought to trial granted to courts by 18 U.S.C. § 3161(h)(7)(A) offers "wide latitude to the judges. It allows the courts to respond to the needs of individual cases." *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993). The defendant submits that a continuance is necessary and that the ends of justice would be served if a continuance was granted. The defendant states that a continuance is both reasonable and for good cause. Counsel will separately file his signed Consent for Adjournment.

WHEREFORE, the defendant respectfully requests that this Honorable Court grant this request for at least a 90-day ends of justice continuance of the final pretrial conference and jury trial dates.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated: April 1, 2021

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420