UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MYKAEL LEE BOOKER,

    Defendant.
                                        /

Case No. 1:20-cr-189

Hon. Robert J. Jonker
Chief United States District Judge

## DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND BRIEF IN SUPPORT

Defendant Mykael Lee Booker seeks to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which permits withdrawal of a guilty plea before sentencing if he shows a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Based on new information, the defense maintains Mr. Booker entered a plea which was not knowing and voluntary. Specifically, lab testing shows that the alleged cocaine is not a controlled substance. (Attachment 1, Chemical Analysis Report). Mr. Booker respectfully submits that he should be permitted to withdraw his guilty plea and proceed to trial. As noted below, Mr. Booker is asking for a hearing regarding the potential withdrawal of his plea.

### Factual Background

Mr. Booker was first charged on November 23, 2020, by way of a Criminal Complaint. (ECF No. 1, PageID.1-5). An eleven-count Indictment (ECF No. 23, PageID.120-141) was then filed on December 16, 2020, charging Mr. Booker and three other men. On January 27,

2021, a fifteen-count Superseding Indictment (ECF No. 44, PageID.180-209) was filed against all four men. Mr. Booker was charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Count 1), contrary to 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(ii), 802(58); Possession with Intent to Distribute Controlled Substances (Count 2), contrary to 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(C); Felon in Possession of Ammunition (Count 3), contrary to 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(2), 924(e); and, Possession of a Firearm in Furtherance of Drug Trafficking (Count 4), contrary to 18 U.S.C. § 924(C)(1)(A)(i), along with a forfeiture allegation.

On July 20, 2021, Mr. Booker appeared before Magistrate Judge Ray Kent and entered a guilty plea to Counts 1, 2, 3, and 4 of the Superseding Indictment. There was no plea agreement in his case.

On August 17, 2021, after Mr. Booker's plea had been accepted by the Court, counsel was informed by the government that the 2845.3 grams of alleged cocaine was tested and was found to be "no controlled substance." (Attachment 1, Chemical Analysis Report). The net weight tested was 1958.4 g ± 0.5 g and 886.9 g ± 0.2 g. The alleged drugs were tested/analyzed on August 10, 2021, and the lab report was approved on August 11, 2021.

The day after learning this information from the government, counsel went in person to discuss the situation with Mr. Booker at the Newaygo County Jail on August 18, 2021. Both Mr. Booker and counsel agreed he would take the weekend to think about whether he wanted to withdraw his plea in its entirety or to Count 2 only. Counsel planned on seeing Mr. Booker the next Monday; however, Mr. Booker was placed in quarantine at the jail. Counsel then attempted to schedule a video visit to discuss the case with Mr. Booker, however, the jail

would not take Mr. Booker to the video visiting room. The first time counsel could meet with Mr. Booker was last Thursday, September 2. At that time, Mr. Booker indicated he wanted counsel to file a motion to withdraw his plea, and counsel began drafting a motion to withdraw. However, Mr. Booker called and left a message saying he had further questions. Counsel went and spoke at length with Mr. Booker on September 6, 2021.

The government is in agreement that Mr. Booker should be allowed to withdraw his plea to Count 2, which charges him with possession with intent to deliver over 500 grams or more of a mixture or substance containing a detectable amount of cocaine, contrary to 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), and (b)(1)(C). However, the government has indicated they are not in agreement with allowing Mr. Booker to withdraw his plea to any other Count. Mr. Booker has indicated his desire to withdraw his plea, since his plea was not knowing and voluntary under the circumstances of the case. However, Mr. Booker is requesting a hearing as to the withdrawal of his plea, as he has been uncertain about whether he wishes to withdraw his plea solely for Count 2, or whether he would like to withdraw his plea on the other counts as well.

Mr. Booker has also expressed a desire to withdraw his plea in light of the circumstances of the results of the testing. Count 1 is the conspiracy to distribute and possess with the intent to distribute cocaine from November 2018 until or about December 2020. Mr. Booker's decision to enter a plea hinged heavily on the alleged large amount of drugs seized on November 22, 2020, at the residence. Mr. Booker did not join the conspiracy early on. The defense maintains that Count 1, conspiracy; Count 2, possession with intent to distribute over 500 grams of cocaine; and Count 4, the possession of a firearm in furtherance of a drug

3

trafficking offense, charged with the same date as Count 2, are all interrelated. In light of the facts of this case, Mr. Booker should be allowed to withdrawal his plea to Counts 1, 2, and 4. Count 3 is possession of ammunition recovered pursuant to the search warrant which was executed on November 22, 2020. Mr. Booker is an armed career criminal (ACCA) and faces a mandatory minimum 15-year sentence. Mr. Booker is not moving to withdraw that count of his plea.

The substances that were tested on August 10, 2021, which turned out not to be controlled substances were listed as field-testing positive in the Complaint filed on November 23, 2020. The police reports note the drug dog, K-9 Nala, gave a positive alert on a brown paper bag (Exhibit N-47), a kilo wrapper, and the closet outside the bathroom that contained the alleged drugs (Exhibit N-8). Based upon those facts, Mr. Booker entered a plea after consultation with counsel.

### "Fair and Just Reasons" for Withdrawal of the Guilty Plea

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which applies after the Court accepts a plea, but before it imposes sentence, the Court may allow the defendant to withdraw his plea if he can show a fair and just reason for requesting withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Mr. Booker maintains that the fact that the alleged cocaine is not in fact a controlled substance provides a fair and just reason to withdraw his plea.

### Standards Governing a Request to Withdraw a Guilty Plea

The United States Court of Appeals for the Sixth Circuit had identified six factors that govern the analysis of a motion to withdraw a plea of guilty: "(1) the length of time between the guilty plea and the filing of the motion to withdraw, (2) the defendant's reason for not

4

presenting the grounds earlier, (3) whether the defendant has asserted or maintained his innocence, (4) the circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt, (5) any potential prejudice to the government, although a showing of prejudice is not necessary," and (6) "the defendant's prior experience with the criminal justice system." *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999).

Here, Mr. Booker has filed his request to withdraw his guilty plea as soon as he was able to adequately consult with counsel after being informed the testing revealed the alleged drugs recovered on November 22, 2020, tested negative for controlled substances. The length of time before withdrawing the plea is reasonable, in light of the fact that Mr. Booker was placed on COVID-19 quarantine, and could not meet with counsel.

In this case, the reason for not presenting his rationale before this Honorable Court accepted his plea is obvious. The drugs were not tested until after the Court accepted the plea. Clearly, Count 2's basis for the plea no longer exists. The defense further maintains that the substantial amount of alleged drugs that proved not to be controlled substances also impacts Counts 1 and 4. Mr. Booker entered a guilty plea in this case with the belief the government had seized almost three kilograms of cocaine from the residence. However, that fact has fundamentally changed.

Given the test results, Mr. Booker's plea to Count 2 can no longer be supported. And the circumstances underlying the plea are that Mr. Booker falsely believed that the alleged cocaine was in fact cocaine. It does not appear that the government would be prejudiced by

5

Mr. Booker withdrawing his plea, especially in light of the fact that one of Mr. Booker's codefendant's has not yet gone to trial.

In sum, Mr. Booker's plea was not a voluntary and knowing one in light of the new circumstances. Mr. Booker should be allowed to withdraw his plea which was entered on July 20, 2021.

Mr. Booker moves the Court to set a hearing on his motion to withdraw his plea. Mr. Booker has previously been uncertain about whether he wishes to withdraw his plea solely for Count 2, or whether he would like to withdraw his plea to other counts as well. Accordingly, a hearing would allow Mr. Booker to state his wishes on the record.

## Conclusion

For all of the reasons set forth in this brief, Mr. Booker respectfully submits that this Honorable Court should grant his motion under Federal Rule of Criminal Procedure 11(d)(2)(B) to withdraw his guilty plea and permit him to proceed to trial on all Counts, except Count 3, or in the alternative after a hearing to withdraw his plea solely to Count 2.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:   September 7, 2021

/s/ Helen C. Nieuwenhuis
HELEN C. NIEUWENHUIS
First Assistant Federal Public Defender
50 Louis, NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420