1      *IN THE UNITED STATES DISTRICT COURT*
       *FOR THE WESTERN DISTRICT OF MICHIGAN*
2                  *SOUTHERN DIVISION*

3

4      UNITED STATES OF AMERICA,

5                Plaintiff,

6      vs.                                Case No: 1:20-cr-189
                                          Hon. Robert Jonker
7      MYKAEL LEE BOOKER,

8                Defendant.
       _____/
9
                     *CHANGE OF PLEA HEARING*
10
          *BEFORE THE HONORABLE RAY KENT, U.S. MAGISTRATE JUDGE*
11
                  *Grand Rapids, Michigan, July 20, 2021*
12
       APPEARANCES:
13     For the Plaintiff:    JONATHAN C. ROTH
                             Assistant U.S. Attorney
14                           The Law Building
                             330 Ionia Avenue, NW
15                           Grand Rapids, MI 49501-0208
                             (616) 456-2408
16
       For the Defendant:    HELEN C. NIEUWENHUIS
17                           Federal Public Defender Office
                             50 Louis Street NW, Suite 300
18                           Grand Rapids, Mi 49503-2633
                             (616) 742-7420
19
       ALSO PRESENT:         MYKAEL LEE BOOKER, Defendant
20

21     TRANSCRIBED BY:       MS. MELINDA DEXTER, CSR-4629, RMR, CRR
                             Federal Official Court Reporter
22                           402 Federal Bldg
                             110 Michigan St, NW
23                           Grand Rapids, MI 49503

24

25

1       Grand Rapids, Michigan

2       July 20, 2021

3       At 3:27 p.m.

4       THE CLERK:  The United States District Court for the

5  Western District of Michigan is now in session.  The Honorable

6  Ray Kent, United States Magistrate Judge, presiding.  Please

7  be seated.

8       THE COURT:  This is 120-cr-189, United States versus

9  Michael Lee Booker.  Mr. Roth on behalf of the United States.

10  Ms. Nieuwenhuis on behalf of Mr. Booker.

11       Mr. Booker, we're here because Ms. Nieuwenhuis tells

12  me you decided to change your plea from not guilty to guilty.

13  Is that right?

14       THE DEFENDANT:  Yes, Your Honor.

15       THE COURT:  Remind me how far you got in school,

16  Mr. Booker.

17       THE DEFENDANT:  I graduated Creston High School.

18       THE COURT:  Okay.  Do you have any physical or mental

19  disability that would make it difficult for you to understand

20  what you're pleading guilty to or what's happening in the

21  courtroom?

22       THE DEFENDANT:  No, Your Honor.

23       THE COURT:  In the last 24 hours, have you had any

24  drugs, alcohol, or medicine that might impair your ability to

25  understand those things?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Ms. Nieuwenhuis, is Mr. Booker competent

3    to proceed?

4          MS. NIEUWENHUIS:  I believe he is, Your Honor.

5          THE COURT:  Mr. Roth, does the United States agree?

6          MR. ROTH:  Yes, Your Honor.

7          THE COURT:  Mr. Booker, you still have the right to

8    remain silent.  If we go forward with your plea hearing,

9    however, I'll be asking you a series of questions.  In

10   answering those questions, you'll be giving up both the right

11   to remain silent and also the presumption of innocence because

12   some of my questions will go to the issue of your guilt.

13          Moreover, before I ask you the questions, I'm going

14   to have you placed under oath to tell the truth.  If you were

15   then to answer any of my questions falsely, you could be

16   charged with new crimes, including perjury or making a false

17   statement, which carry their own separate penalties.  Do you

18   understand all of that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Do you still wish to proceed?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  If you would, please,

23   Mr. Booker, raise your right hand.  I'm going to have you

24   placed under oath.

25          *(MYKAEL LEE BOOKER, DEFENDANT, WAS DULY SWORN)*

1    THE COURT:  Mr. Booker, you have the right to have
2    this hearing held before Chief Judge Robert Jonker.
3    Judge Jonker is the trial judge assigned to your case, and he
4    is the judge who will sentence you if your guilty plea is
5    accepted.
6        Judge Jonker is a United States district judge.  He
7    was appointed for life by President Bush.  I'm a United States
8    Magistrate Judge.  I was not appointed by a president.  I
9    serve an eight-year term, and my job essentially is to assist
10   Judge Jonker in the discharge of his responsibilities.
11       Unlike Judge Jonker, I can't accept your guilty plea
12   or find you guilty.  What I can do is ask you the questions
13   that Judge Jonker would ask if he were here, advise you of
14   your rights as he would, and then prepare a written report to
15   him recommending that he either accept or reject your plea.
16       Do you understand the difference between Judge Jonker
17   and me?
18       THE DEFENDANT:  Yes, Your Honor.
19       THE COURT:  Do you understand you have the right to
20   have this hearing before Judge Jonker?
21       THE DEFENDANT:  Yes, Your Honor.
22       THE COURT:  Have you decided to waive or give up that
23   right and agree to let me handle the hearing in his place?
24       THE DEFENDANT:  Yes, Your Honor.
25       THE COURT:  We're going to project on the screen now

1    a form which appears to contain your written decision to do

2    that.  Is that your signature near the bottom of the form?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Did you read and understand the form

5    before you signed it?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Did anybody threaten you, coerce you, or

8    promise you anything to get you to agree to let me handle the

9    hearing?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  Was that a free will and voluntary

12   decision by you?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  All right.  I believe that it was.  I

15   accept your consent.

16             Ms. Nieuwenhuis, do you also consent?

17             MS. NIEUWENHUIS:  I do.

18             THE COURT:  Mr. Roth, does the United States consent?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Mr. Booker, I remind you of your right to

21   a lawyer.  When you were here early on in the case, you asked

22   the Court to appoint a lawyer.  We appointed Ms. Nieuwenhuis

23   to represent you.  Have you been satisfied with the work that

24   Ms. Nieuwenhuis has done on your case up to this point in

25   time?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  You also have the right to persist in

3    your plea of not guilty.  At this moment, you remain presumed

4    innocent of all these charges.  The Government still has the

5    burden of proving you guilty beyond a reasonable doubt on each

6    and every element of those charges.  That would occur at a

7    speedy and public trial before 12 jurors drawn from the

8    community.

9          At trial you would have the right, through

10   Ms. Nieuwenhuis, to confront and cross-examine the

11   Government's witnesses, to call your own witnesses, and have

12   the Court order them to appear and testify.

13         You would have the right to present other evidence

14   which you believe demonstrates you're not guilty of these

15   charges.

16         And, finally, you would have the right to either take

17   the witness stand and testify on your own defense or remain

18   silent and not have your silence used against you in any way.

19         If we go forward with your guilty plea, however,

20   there won't be a trial of any kind, and you'll be giving up

21   all of the rights I've just described except the right to

22   continue being represented by Ms. Nieuwenhuis.

23         Do you understand all of that?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Do you still wish to go forward?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  The Indictment charges you with four

3    crimes.  Each is contained in a separate numbered count in the

4    Indictment.  Count 1 charges you with being part of a

5    conspiracy to distribute cocaine, 500 grams or more of

6    cocaine.

7        A conspiracy is simply an agreement between two or

8    more people to commit a crime.  In this case, the Government

9    alleges that you entered into such an agreement with James

10   Moore, Dennis Cartwright, Eiland Johnson, and perhaps other

11   people.  The agreement was effective between November 2018 and

12   December 2020 here in Kent County.  And the object of the

13   agreement was to sell or distribute 500 grams or more of

14   cocaine.  Do you understand what you're charged with in

15   Count 1?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  In Count 2, the Government claims that on

18   November 22nd of last year, you possessed 500 grams or more of

19   cocaine intending to sell or distribute it.  Do you understand

20   Count 2?

21       THE DEFENDANT:  Yes, sir.

22       THE COURT:  Count 3 charges that on that same date,

23   you possessed eight rounds of .45 caliber ammunition.  And

24   then sometime prior to that, you had been convicted of a

25   felony making your possession of the ammunition illegal.  Do

1    you understand what you're charged with in Count 3?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And then, finally, in Count 4, the

4    Government charges that on that same date, November 22nd,

5    2020, you also knowingly possessed a pistol in connection with

6    the drug dealing alleged in Counts 1 and 2.  Do you understand

7    what you're charged with in Count 4?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  If your guilty plea is accepted on these

10   counts, there are, of course, penalties.  All three charges

11   carry potential prison terms.  In fact, not potential prison

12   terms; they all carry certain prison terms.

13           Count 1 and 2 carry a mandatory minimum five years in

14   prison and up to 40 years.  Count 3, the felon in possession

15   of ammunition charge, carries a mandatory minimum of 15 years

16   and up to life in prison.  Count 4, the possession of a gun in

17   connection with drug dealing, is not less than five years and

18   up to life in prison.

19           Each carries a potential fine.  Counts 1 and 2, the

20   maximum fine is 5 million.  So up to 5 million.  Count 3 and

21   Count 4, the fine is up to 250,000.  Each carries a period of

22   supervised release following prison.  Counts 1 and 2, the

23   supervised release term must be at least four years and up to

24   life.  And on Counts 3 and 4, supervised release is not more

25   than five years.  So zero to 5.  All of the charges carry a

1    $100 special assessment.  Do you understand the maximum

2    penalties?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Now, if you decided to go to trial on

5    these charges, the Government would have to prove certain

6    things.

7              Mr. Roth, can you go through the elements with

8    respect to the four charges against Mr. Booker, and then

9    briefly summarize the evidence the Government would offer if

10   he went to trial.

11             Mr. Booker, please listen carefully.  I'm going to

12   have some questions for you when Mr. Roth is finished.

13             MR. ROTH:  Thank you, Your Honor.  Two elements for

14   Count 1, conspiracy to distribute and possess with intent to

15   distribute:

16             First, an agreement to distribute or an agreement to

17   possess with intent to distribute cocaine.

18             Second, the Defendant's knowledge and intent to join

19   the conspiracy.

20             And, third, the Defendant's participation in

21   conspiracy.

22             Second count, possession with intent to distribute,

23   has two elements:

24             First, that the Defendant knowingly possessed a

25   controlled substance.

1    And, second, that he intended to distribute it.  Both

2  of those counts would also implicate a minimum of 500 grams or

3  more of cocaine.

4    Count 3, felon in possession of ammunition; four

5  elements:

6    First, that the Defendant had been convicted of a

7  crime punishable by imprisonment for more than one year.

8    Second, that the Defendant following his conviction

9  knowingly possessed a firearm -- excuse me, knowingly

10  possessed ammunition.

11    And, third, that the ammunition crossed a state line

12  prior to the alleged possession.

13    And, finally, that the Defendant knew that he had

14  been convicted of a crime punishable by imprisonment for more

15  than one year at the time of the possession.

16    Count 4, possession of a firearm in furtherance of

17  drug trafficking.  First, that the Defendant committed the

18  crime charged in Count 1 or Count 2, a drug trafficking crime.

19    Second, that the Defendant knowingly possessed a

20  firearm.

21    And, third, that the possession of the firearm was in

22  furtherance of the crime charged in Count 1 or in Count 2.

23    As to the testimony that we would present, for

24  reasons that I'm not sure the Court needs me to go into, but

25  we did file an offer of proof as to what we would present at

1   trial marked ECF 120.  If the Court doesn't want me to repeat

2   it into the record, I don't need to.  I do need to supplement

3   it with his prior record and the location of manufacturing for

4   the gun, if that's okay with the Court?

5        THE COURT:  That's fine.  I don't have that in front

6   of me.  So it would be helpful, I guess.  You don't have to

7   read it.  I mean, you can --

8        MR. ROTH:  Summarize.

9        THE COURT:  -- summarize the evidence any way you

10  want to.

11        MR. ROTH:  Thank you, Your Honor.  In October 2020,

12  during the course of a Title III wiretap investigation,

13  investigators intercepted calls in which the Defendant and

14  Dennis Cartwright negotiated and agreed to purchase 500 grams

15  or more of cocaine from Codefendant Eiland Johnson.

16        On October 12, 2020, Defendant drove to Detroit to

17  get cocaine from Johnson and provide a partial payment.  In

18  the ensuing month, Johnson followed up with Cartwright and

19  Booker regarding further payment.  On October 20th, 2020,

20  investigators intercepted a call in which the Defendant told

21  Cartwright he was, quote, "taking him the cheese I got for the

22  shit."

23        There is a video found in the Defendant's phone from

24  that date and time where he had a large amount of cash as well

25  as a pistol in his possession.

1    In November 2020, investigators learned that the

2    Defendant used an apartment on Wingate Drive Southeast in

3    Kentwood, Michigan, as a drug stash location.  On

4    November 22nd, 2020, investigators intercepted calls in which

5    the Defendant discussed shooting somebody regarding a drug

6    debt.

7    Based on hearing that, investigators surrounded the

8    apartment on Wingate in Kentwood.  The Defendant was then

9    intercepted making calls in which he said, "I'm not giving up

10   my guns.  I need them.  I got the gun, the shells.  I didn't

11   do nothing yet."

12   He then conspired to have somebody else arrive at the

13   location and remove one or more guns from the apartment.

14   Once investigators obtained a federal search warrant,

15   they entered the apartment and found him and a woman inside.

16   They also found in that unit approximately 3.248 kilograms of

17   cocaine, a hand press, and a black box, two digital scales,

18   7.6 grams of crack and an empty kilogram wrapper in a brown

19   bag in the main room.

20   Investigators also found a Beretta PX4 Storm Pistol

21   box containing eight rounds of Winchester .45 caliber

22   ammunition.  The Winchester ammunition was manufactured in

23   Illinois and, thus, crossed state lines before the Defendant's

24   possession.  And the Defendant was prohibited from possessing

25   the ammunition because he had previously been convicted of at

1    least five felony offenses, including carrying a concealed

2    weapon in '07, delivery or manufacture of a controlled

3    substance in '07/'08 and again in '18, and home invasion in

4    the second degree in 2011.  Thank you, Your Honor.

5            THE COURT:  Thank you, Mr. Roth.

6            Mr. Booker, you heard Mr. Roth's description of the

7    evidence that the Government would offer if you went to trial.

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Do you agree the Government would be able

10    to produce the evidence that he just described?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  And do you agree that that evidence would

13    be sufficient to convict you?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  All right.  I'm going to switch gears now

16    and talk to you about some sentencing related issues.

17            Under the Sentencing Reform Act of 1984, an

18    organization called the United States Sentencing Commission

19    issued advisory sentencing guidelines for judges like Chief

20    Judge Jonker to use when sentencing somebody in a criminal

21    case.  Have you talked to Ms. Nieuwenhuis about these

22    guidelines and how they might apply to you?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  Do you understand that all

25    Ms. Nieuwenhuis can do is estimate what your guideline range

1    might be or what your sentence might be?

2             THE DEFENDANT:  Yes, sir.

3             THE COURT:  Do you understand that there is nobody,

4    not Ms. Nieuwenhuis, not Mr. Roth, not me, not even Chief

5    Judge Jonker, if he was here with us right now, who can tell

6    you today with certainty what your guideline range will be or

7    what your sentence will be?

8             THE DEFENDANT:  Yes, sir.

9             THE COURT:  Do you understand that Judge Jonker won't

10   be able to determine your guideline range until after a

11   presentence investigation has occurred and a presentence

12   report been prepared?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  Do you understand that after Judge Jonker

15   determines your guideline range, he has the discretion to

16   sentence you within that range, above that range, or below

17   that range?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  Do you understand that if the sentence

20   Chief Judge Jonker gives you is more severe or longer than

21   what you're expecting as you sit here this afternoon, you will

22   still be bound by your plea of guilty and will not be able to

23   withdraw it?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  Ms. Nieuwenhuis, I take it there is no

1    cooperation agreement here?

2            MS. NIEUWENHUIS:  Correct.

3            THE COURT:  Mr. Booker, do you understand that in the

4    federal system, parole has been abolished, and if Chief

5    Judge Jonker sentences you to prison, as he must, you will not

6    be released on parole?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Ms. Nieuwenhuis, is Mr. Booker presently

9    on parole, probation, or bond in any other case?

10           MS. NIEUWENHUIS:  He's currently on probation,

11   Your Honor.

12           THE COURT:  Do you understand, Mr. Booker, that when

13   the judge in whatever case you're presently on probation on

14   finds out you have been convicted in this case, he could take

15   action against you in the other case?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Do you understand that the Government may

18   appeal any sentence that Chief Judge Jonker gives you?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  All right.  Mr. Booker, do you believe

21   you understand the nature of the charges against you, the

22   penalties provided by law for those charges, and your rights

23   as I've explained them to you?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Understanding all of those things, how do

1    you plead to the four charges against you in the Indictment?

2              THE DEFENDANT:  Guilty.

3              THE COURT:  Is your plea of guilty the result of

4    force, threats, or coercion?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Did anybody promise you anything to get

7    you to plead guilty?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Was your decision to plead guilty a free

10   will and voluntary act by you?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Are you pleading guilty because you are,

13   in fact, guilty?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  For the record, Ms. Nieuwenhuis, there is

16   no plea agreement in this case?

17             THE DEFENDANT:  Correct.

18             THE COURT:  You agree, Mr. Roth?

19             MR. ROTH:  I do, Your Honor.

20             THE COURT:  All right.  I'm going to go through the

21   -- the four charges with you now, Mr. Booker, because we have

22   to lay a factual foundation for your plea.

23             As to Count 1, the conspiracy to distribute cocaine,

24   is it true that you entered into an agreement with Mr. Moore,

25   Mr. Cartwright, Mr. Booker, or others to distribute 500 grams

1    or more of cocaine?

2         THE DEFENDANT:  Yes.  Your Honor.  I conspired with

3    Cartwright and Johnson --

4         THE COURT:  Okay.

5         THE DEFENDANT:  -- to distribute 500 grams or more of

6    cocaine in Kent County.

7         THE COURT:  All right.  And did that -- was that

8    agreement, or did that take place between November of 2018 and

9    December of 2020?

10         THE DEFENDANT:  Yes.  It took -- it was -- it took

11    place in October of 2020.

12         THE COURT:  Okay.  And it was here in Kent County?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  All right.  Count 2, is it true that on

15    November 22nd, 2020, in Kent County, you possessed --

16    knowingly possessed 500 grams or more of cocaine intending to

17    sell or distribute it?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  On that same date, did you also knowingly

20    possess eight rounds of .45 caliber Winchester ammunition?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  And at some time prior to that, had you

23    been convicted of a felony?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And, finally, do you agree that that

1    information was -- er, that information -- that ammunition was

2    manufactured outside the state of Michigan?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Lastly, is it also true on that date,

5    November 22nd, 2020, that you possessed a pistol in connection

6    with the drug dealing which is charged against you in Counts 1

7    and 2 of the Indictment?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Mr. Roth, are those facts sufficient to

10   support the plea?

11             MR. ROTH:  There are two things, Your Honor, and one

12   I may have missed.  When the Court went over the penalties, it

13   did the mandatory minimums, but I did not note on my paper,

14   and I may have missed it, that Count 4 is consecutive to all

15   other counts.

16             THE COURT:  Yeah.  You know what?  I might not have

17   said that.  So thank you for bringing that up.

18             So, Mr. Booker, before we go any further, do you

19   understand that your sentence on Count 4, which must be at

20   least five years in length -- it could be longer -- has to be

21   served consecutively to any other sentence you receive?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Okay.

24             Mr. Roth?

25             MR. ROTH:  Thank you, Your Honor.  The other issue

1    that I was, excuse me, hoping the Court could inquire about,

2    the Defendant acknowledged that he knew that he was previously

3    convicted of a felony -- I'm sorry, that he was previously

4    convicted, but if the Court could inquire did he know at the

5    time of the possession that he was previously convicted.

6              THE COURT:  Yeah.

7              Did you know in November of 2020 that you had

8    previously been convicted of a felony?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  All right.

11             Satisfied, Mr. Roth?

12             MR. ROTH:  I am.  Thank you.

13             THE COURT:  Okay.

14             How about you, Ms. Nieuwenhuis?  Are those facts

15   sufficient to support the plea?

16             MS. NIEUWENHUIS:  I believe they are, Your Honor.

17             THE COURT:  All right.

18             Mr. Booker, I don't ordinarily say this, but you

19   understand that if Chief Judge Jonker accepts your guilty plea

20   on these four charges, you will be sentenced to not less than

21   20 years in prison?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  That's the absolute minimum sentence that

24   you can get in this case.  Do you understand that?

25             THE DEFENDANT:  Yes, sir.

1    THE COURT:  And you still wish to go forward?

2    THE DEFENDANT:  Yes, sir.

3    THE COURT:  Okay.

4    Mr. Booker, I find that your plea is made knowingly

5    and with full understanding of each of the rights that I've

6    explained to you, that it's made voluntarily and free from any

7    force, threats, or promises, that you understand the nature of

8    the charges, the very heavy penalties provided by law for

9    those charges, and that your plea has a sufficient factual

10    basis to support it.

11    I defer acceptance of your guilty plea to Chief

12    Judge Jonker.  That's his decision to make, not mine, but I

13    will prepare a written report today, either today or tomorrow

14    morning, recommending that he accept your guilty plea and find

15    you guilty.  I'm going to order that a presentence

16    investigation commence and that a presentence report be

17    prepared.

18    The next thing likely to happen in the case will be a

19    presentence interview.  A probation officer will sit down with

20    you.  Ms. Nieuwenhuis or one of her colleagues will be there.

21    The officer will ask you a whole series of questions about

22    your childhood, your family, your upbringing, your educational

23    history, health history, work history, criminal history.

24    Using that and other information, the officer will prepare a

25    report for Judge Jonker's use at sentencing.

1          Maybe the most important thing in the report from

2    your perspective will be the officer's scoring of your

3    sentencing guidelines.  You and Ms. Nieuwenhuis will get a

4    copy of that report at least a month before you're sentenced.

5    I'm sure she'll sit down and go through it with you carefully.

6          If there are things that you disagree with, like the

7    officer's scoring of the guidelines, Ms. Nieuwenhuis will talk

8    to the officer and try to work those issues out.  If issues

9    remain unresolved, Chief Judge Jonker will decide those before

10   he sentences you.  That probably won't be until November-ish.

11   It's running about four months from plea to sentence right

12   now.

13         Mr. Booker, that completes your plea hearing.  I have

14   one other question that's really completely unrelated to your

15   case, but if you don't mind, I'd like to ask you.  Are you any

16   relation to Earl Bradley Booker?

17         THE DEFENDANT:  Not that I know of, Your Honor.

18         THE COURT:  Okay.  Because I represented that

19   Mr. Booker many, many years ago on more than one occasion.

20         Mr. Roth, anything else from the United States?

21         MR. ROTH:  No, Your Honor.  Thank you.

22         THE COURT:  Ms. Nieuwenhuis, anything from you?

23         MS. NIEUWENHUIS:  No, Your Honor.  Thank you.

24         THE COURT:  Mr. Booker, did you understand everything

25   that happened here in court here today?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  Do you have any questions for me before I

3  adjourn your case?

4    THE DEFENDANT:  No.  No, Your Honor.

5    THE COURT:  All right.  Good luck to you, Mr. Booker.

6    THE DEFENDANT:  Thank you.

7    THE COURT:  You're welcome.  We're adjourned.

8    (At 3:58 p.m., the matter was

9    concluded.)

10    * * * * *

11    C E R T I F I C A T E

12

13    I certify that the foregoing is a transcription

14  from the digital recording of the proceedings in the

15  above-entitled matter transcribed to the best of my ability.

16

17

18  Signed:  13th day of September, 2021

19

20

21  _____

22  Melinda I. Dexter, CSR-4629, RMR, CRR
    Federal Official Court Reporter
23  402 Federal Bldg
    110 Michigan St NW
24  Grand Rapids, MI 49503

25