UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS LYNN CARTWRIGHT, JR. &
MYKAEL LEE BOOKER,

    Defendants.
_____/

No. 1:20-cr-189

Hon ROBERT J. JONKER
Chief U.S. District Judge

SECOND
SUPERSEDING
INDICTMENT

The Grand Jury charges:

## COUNT 1
**(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)**

From in or about November 2018 until in or about December 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

DENNIS LYNN CARTWRIGHT, JR.

knowingly and intentionally combined, conspired, confederated, and agreed with MYKAEL LEE BOOKER, James Allen Moore, Eiland Kwest Johnson and other persons known and unknown to the Grand Jury to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)

## COUNT 2
**(Possession with Intent to Distribute Cocaine Base)**

On or about November 22, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

MYKAEL LEE BOOKER

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 3
**(Possession of a Firearm in Furtherance of Drug Trafficking)**

From in or about July 2020 until on or about November 22, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

MYKAEL LEE BOOKER

knowingly possessed a pistol in furtherance of the drug trafficking crimes of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine Base, as respectively charged in Counts 1 and 2 of this Second Superseding Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## COUNT 4
**(Possession with Intent to Distribute Cocaine)**

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

DENNIS LYNN CARTWRIGHT, JR.

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, at his business on Division Avenue in Grand Rapids.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 5
**(Felon in Possession of Firearms)**

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

DENNIS LYNN CARTWRIGHT, JR.,

knowing he had previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, knowingly possessed the following firearms at his residence on Eastern Avenue in Grand Rapids, and the firearms were in and affecting commerce:

   i.   .380 caliber Smith & Wesson Bodyguard pistol (serial number: LAH34048)
   ii.  Smith & Wesson 38 Special revolver (serial number: 335173)
   iii. .40 caliber Smith & Wesson Springfield Model 4006TSW pistol (serial number: TDS9123).

18 U.S.C. § 922(g)(1)
18 U.S.C. § 921(a)
18 U.S.C. § 924(a)(2)

## COUNT 6
### (Conspiracy to Commit Concealment Money Laundering)

From in or about November 2018 until in or about December 2020, in Kent County, in the Southern Division of the Western District of Michigan,

DENNIS LYNN CARTWRIGHT, JR.

knowingly combined, conspired, confederated, and agreed with James Allen Moore and other persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 as alleged in Count 1 of this Second Superseding Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. §§ 1956(c)(1) (2), (3), (4), (7), (9)

# FORFEITURE ALLEGATION
## (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

The allegations contained in Count 1 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846 set forth in Count 1 of this Second Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

A. The following items seized from DENNIS LYNN CARTWRIGHT JR.'s residence on December 1, 2020:

   i. $58,577.00 U.S. currency;
   ii. 2015 Polaris Slingshot (VIN: 57XAASFA9F5103661; and
   iii. Exmark Radius E52 Zero Turn lawnmower (serial number: 404730639).

B. The following funds seized from JP Morgan Chase bank accounts on December 1, 2020:

   i. $7,710.43 from K&J Muffler account (account number ending in 5926);
   ii. $99.54 from Car Genie bank account (account number ending in 9950);
   iii. $31,091.28 from the Auto Den bank account (account number ending in 3608); and

    iv. $32,154.94 from Cartwright Construction account (account number ending in1662).

If any of the property described above, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(a)
21 U.S.C. § 853(p)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)

## FORFEITURE ALLEGATION
### (Possession with Intent to Distribute Cocaine Base)

The allegations contained in Count 2 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841(a)(1) set forth in Count 2 of this Second Superseding Indictment,

### MYKAEL LEE BOOKER

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to: $1575.00 U.S. currency seized from his residence on November 22, 2020.

21 U.S.C. § 853(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## FORFEITURE ALLEGATION
### (Possession with Intent to Distribute Cocaine)

The allegations contained in Count 4 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841(a)(1) set forth in Count 4 of this Second Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to: $58,577.00 U.S. currency seized from his residence on December 1, 2020.

21 U.S.C. § 853(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## FORFEITURE ALLEGATION
**(Felon in Possession of Firearms)**

The allegations contained in Count 5 of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 922(g)(1) set forth in Count 5 of this Second Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the offense, including, but not limited to, a .380 caliber Smith & Wesson Bodyguard pistol (serial number: LAH34048), a Smith & Wesson 38 Special revolver (serial number: 335173), and a .40 caliber Smith & Wesson Springfield Model 4006TSW pistol (serial number: TDS9123), and associated ammunition.

18 U.S.C. § 924(d)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION
**(Conspiracy to Commit Concealment Money Laundering)**

The allegations contained in Count 6 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956(h) set forth in Count 6 of this Second Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

A. The following items seized from DENNIS LYNN CARTWRIGHT, JR.'s residence on December 1, 2020:

  i. $58,577.00 U.S. currency;
  ii. 2015 Polaris Slingshot (VIN: 57XAASFA9F5103661); and
  iii. Exmark Radius E52 Zero Turn lawnmower (serial number: 404730639).

B. The following funds seized from JP Morgan Chase bank accounts on December 1, 2020:

  i. $7,710.43 from K&J Muffler account (account number ending in 5926);
  ii. $99.54 from Car Genie bank account (account number ending in 9950);
  iii. $31,091.28 from the Auto Den bank account (account number ending in 3608); and
  iv. $32,154.94 from Cartwright Construction account (account number ending in1662).

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(b)(1)
21 U.S.C. § 853(p)
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
JONATHAN ROTH
Assistant United States Attorney