```
                   IN THE UNITED STATES DISTRICT COURT

                  FOR THE WESTERN DISTRICT OF MICHIGAN

                           SOUTHERN DIVISION

   UNITED STATES OF AMERICA,

           Plaintiff,                  No.  1:20cr189-2/4

    vs.

   DENNIS LYNN CARTWRIGHT, JR. and
   MYKAEL LEE BOOKER,

           Defendants.


   Before:

                   THE HONORABLE ROBERT J. JONKER,
                          U.S. District Judge
                         Grand Rapids, Michigan
                       Wednesday, October 20, 2021
                       Status Conference Proceedings

   APPEARANCES:

                   MR. ANDREW BIRGE, U.S. ATTORNEY
                   By:  MR. JONATHAN C. ROTH
                   The Law Building
                   330 Ionia Avenue, NW
                   Grand Rapids, MI 49501-0208
                   (616) 456-2408

                           On behalf of the Plaintiff;

                   MR. ANTHONY C. GREENE
                   29 Pearl Street, NW, Suite 231
                   Grand Rapids, MI 49503
                   (616) 222-8000

                           On behalf of Defendant Cartwright, Jr.
```

```
                    FEDERAL PUBLIC DEFENDERS
                    By:  MS. HELEN C. NIEUWENHUIS
                    50 Louis Street NW, Suite 300
                    Grand Rapids, Mi 49503-2633
                    (616) 742-7420

                         On behalf of Defendant Mykael Booker.


     REPORTED BY:  MR. PAUL G. BRANDELL, CSR-4552, RPR, CRR
```

```
 1                   10/20/2021
 2                   (Proceedings, 3:05 p.m.)
 3              THE CLERK:  United States District for the Western
 4      District of Michigan is now in session.  The Honorable Robert
 5      J. Jonker, chief judge, presiding.
 6              THE COURT:  All right.  We're here on the case of the
 7      United States against Dennis Cartwright and Mykael Booker,
 8      1:20cr189, and it's a status conference that I had set up some
 9      time ago to address, first of all, an appeal from
10      Mr. Cartwright -- no.  I'm sorry.  An appeal of the government
11      from a decision that Magistrate Judge Kent made on a discovery
12      issue raised by Mr. Cartwright.  And then secondly, to deal
13      with what I would consider the new shape of the case now that
14      Mr. Booker has withdrawn his plea to some of the charges.  So
15      let's start with appearances and go from there.
16              MR. ROTH:  Good afternoon, Your Honor.  Jonathan Roth
17      on behalf of the United States.
18              THE COURT:  Thank you.
19              MR. GREENE:  Good afternoon, Your Honor.  Anthony C.
20      Greene on behalf of Mr. Dennis Cartwright.
21              MS. NIEUWENHUIS:  And Helen Nieuwenhuis on behalf of
22      Mr. Booker, Your Honor.  He is here and present as well.
23              THE COURT:  All right.  Good to see you everybody.
24      Let me start with the issue involving the discovery.  My read
25      of the materials that were submitted in advance of this
```

|   |   |
|---|---|
| 1 | conference is that the government and Mr. Greene have reached |
| 2 | accommodation on that issue, is that right? |
| 3 |     MR. GREENE:  We have, Your Honor.  The government was |
| 4 | able to turn over a database that was successful and we have |
| 5 | been able to read it and we thank the Court for all of its |
| 6 | assistance. |
| 7 |     THE COURT:  Well, I had virtually no assistance.  I |
| 8 | just scheduled hearings and sat and talked with you and you all |
| 9 | did the hard work, but I am glad that that's resolved.  We'll |
| 10 | issue you a short order dismissing the appeal as moot.  I am |
| 11 | curious.  If either or both of you could tell me how you |
| 12 | resolved it technically, that would be useful to me, and if you |
| 13 | are going to stand, which is fine, I appreciate it, you know, |
| 14 | use the mike at the podium or something a little closer. |
| 15 |     MR. ROTH:  Thank you, Your Honor. |
| 16 |     THE COURT:  Thanks. |
| 17 |     MR. ROTH:  So the special agent from the IRS was able |
| 18 | to -- was able to extract the computer and port it into what |
| 19 | we'll call a virtual machine, which is able to launch on any |
| 20 | other computer.  That presented the issue that we were here |
| 21 | with last time that within that virtual machine the Fraser |
| 22 | database still required a password.  After the Defendant |
| 23 | provided consent we were able to up load some or all of that |
| 24 | virtual machine to Fraser, who have their own back doorway of |
| 25 | going into the system file within that virtual machine and |

**1** resetting or eliminating the password.  Once that was done, you
**2** are able to log into Fraser and the virtual machine without any
**3** password and without any impediment which is what we ultimately
**4** gave to Mr. Greene.
**5**         THE COURT:  Okay.  Interesting.  Thank you. Anything
**6** else from your perspective?
**7**         MR. GREENE:  No, Your Honor.  That's a very accurate
**8** description.  The virtual machine basically is running a
**9** machine inside your machine which then ran the program inside
**10** the virtual machine.  It worked well.
**11**         THE COURT:  Okay.
**12**         DEFENDANT CARTWRIGHT:  They could get in there without
**13** me.
**14**         THE COURT:  Okay.  All right.  Let me go to the
**15** scheduling issue next then.  I understand from the government
**16** that they anticipated and I think was recently returned the
**17** second superseding indictment.  So I've seen that and I got the
**18** summary from the government that you are basically ready to go
**19** and we'll get the Jencks material closer to the trial date.
**20** Your understanding, Mr. Roth, is that Mr. Booker would be ready
**21** to go in January and Mr. Greene and his client thinks they'll
**22** need till March to accommodate the schedule and ongoing work
**23** that you have been doing; is that pretty much where you are?
**24**         MR. ROTH:  That's correct, Your Honor.
**25**         THE COURT:  All right.  And before I go to Mr. Greene,

1  from your perspective, Ms. Nieuwenhuis?

2  MS. NIEUWENHUIS: It's Mr. Booker, Your Honor. I
3  think you just misspoke.

4  THE COURT: Did I? I'm sorry.

5  MS. NIEUWENHUIS: But yes, that is correct from our
6  perspective. Yes.

7  THE COURT: All right. And on the Booker side of the
8  case, the three charges would be the original Count 1
9  conspiracy, the new possession with the intent to distribute an
10 unspecified amount of cocaine base, and then the 924(c)?

11 MR. ROTH: I think the Court said the conspiracy
12 count. Mr. Booker is no longer charged in that because the
13 Court did not allow him to withdraw his plea as to that count.

14 THE COURT: All right.

15 MR. ROTH: So he is named as a co-conspirator but he
16 is not charged in that count.

17 THE COURT: I see. So the only two that would go
18 forward would be possession with intent to distribute an
19 unspecified amount of cocaine base and then the 924(c)?

20 MR. ROTH: As to Mr. Booker, that's correct.

21 THE COURT: Okay. Your understanding, as well?

22 MS. NIEUWENHUIS: That is correct, Your Honor.

23 THE COURT: Mr. Greene, just give me a little update
24 on where you are in terms of getting your accounting expert?
25 And I know you have also, through Mr. Roth's submission, given

```
 1      me some of your scheduling constraints.  Will you let me hear a
 2      little bit from your perspective where you are on this?
 3               MR. GREENE:  I am going to step to the podium.
 4               THE COURT:  Okay.  Thank you.
 5               MR. GREENE:  Where I can take my mask off.
 6               THE COURT:  It's a little easier to understand.
 7               MR. GREENE:  Yeah.  Your Honor, what's been happening
 8      is that everything that got adjourned last year is now being
 9      scheduled with no consultation.  I guess the one that probably
10      jumped out at the Court was I have a trial scheduled on
11      December 13th and one on the 14th.  The one on the 13th is in
12      Kent County.  The one on the 14th is in Allegan County.  That's
13      not going to be able to happen.  One is going to have to take
14      precedence over the other, but they don't consult.  They
15      just -- you know, you get a notice in the mail stating that
16      this date has now been set for your trial and we expect you to
17      be there.  And my calendar has just gone crazy in the last
18      month with those notices coming through, and I pretty much
19      listed them all for the Court I think in the submission I gave
20      to Mr. Roth, because they -- you know, the -- it's just -- it's
21      just impossible for me to know how they are going to proceed,
22      when they are going to proceed, if those dates are going to
23      really go.
24               They tell me in Kent County that all the dates that
25      they are scheduling will go and that they are basically taking
```

1   a no excuse approach that, you know, be ready.  Therefore, with
2   that and the fact that we are now able to go through the Fraser
3   database, which we have been able to do now since the 24th of
4   September, and the Court is aware of, you know, all of the
5   difficulty we had there, I need to schedule time with our
6   accountant, and my understanding from his office was that he
7   will be back from Florida.  He evidently was doing -- I guess
8   October 15th was some kind of date that for tax accountants
9   that had his attention, and he'll be back hopefully some time,
10  I don't know, in the next few weeks.  They don't nail it down.
11              So we really believe that March 1st would be the
12  earliest that we could be ready given all the conflicts that
13  already exist, and we would ask that if the Court is going to
14  do that we'd be able to block that off immediately, because
15  every day I am scared something is going to come that's going
16  to try to -- you know, it's a lot easier to tell them I am in
17  Federal Court when they stick -- when they try to notice it so
18  you can't take that date then to try to go and say, well, now
19  this has come and they get into this -- this match about who
20  scheduled it first and all that kind of stuff.
21              THE COURT:  All right.  Let me ask you another
22  question, Mr. Greene.  You are also, I think, counsel of record
23  for Mr. Cartwright in the other pending case.  It's -- I think
24  of it -- I mean, they are not technically related I guess but
25  they arose out of the same investigation.  But you are working

**1** with Mr. Cartwright as counsel on that, too?

**2** MR. GREENE: That's correct, Your Honor. And that's
**3** scheduled right now for the 25th of January. I don't know if I
**4** am supposed to say this, but I have been in contact with
**5** Mr. Paul Mitchell, who I believe is going to be seeking a
**6** continuance in that case. He called and asked me would I
**7** concur, and I told him I would. Because if he didn't I would
**8** then have to be trying to clear stuff in state court for the
**9** 25th. But I do believe that he has a major conflict and I
**10** think I'll let him file his motion for the 25th, but right now
**11** that case is set for the 25th.

**12** THE COURT: Okay. As I said, my understanding is they
**13** arose out of the same investigation, but they are separate
**14** cases with a different array of charges and Defendants, and I
**15** take it from your perspective, Mr. Roth, you believe the proofs
**16** would be largely independent?

**17** MR. ROTH: That's correct, Your Honor.

**18** THE COURT: Okay. How about the discovery, in other
**19** words, the discovery that was just done here with the financial
**20** materials and the like? Is there going to be another round of
**21** that for Mr. Cartwright in the other case or is it all part of
**22** the same hard drive?

**23** MR. ROTH: I would not anticipate another round of
**24** that. It should be all the same discovery disclosure.

**25** THE COURT: Okay. All right. So you'll need

```
1    Mr. Greene's place to use that information to analyze both
2    cases?
3              MR. GREENE:  That's correct, Your Honor.  We -- there
4    is some overlap but the overlap deals mainly with the wire taps
5    I believe.
6              THE COURT:  Okay.  All right.  Thank you.
7              MR. GREENE:  Thank you.
8              THE COURT:  Anything you want to add, Ms. Nieuwenhuis,
9    from your perspective?  If we go out to the schedule that
10   Mr. Greene would like it's more time than you need, but do you
11   see it prejudicing you in any particular way?
12             MS. NIEUWENHUIS:  I do not, Your Honor.  May I speak
13   to Mr. Booker for just one moment?
14             THE COURT:  Of course.
15             MS. NIEUWENHUIS:  We are in agreement with that, Your
16   Honor.
17             THE COURT:  Okay.  Can you just tap your microphone a
18   minute, Ms. Nieuwenhuis?  Make sure it works.  Just tap it a
19   second.  Perfect.  Okay.  Thank you.
20             All right.  Anything else from any of the parties on
21   scheduling, Mr. Roth?
22             MR. ROTH:  No, Your Honor.
23             THE COURT:  Mr. Greene?
24             MR. GREENE:  No, Your Honor.
25             THE COURT:  Or Ms. Nieuwenhuis?
```

1        MS. NIEUWENHUIS:  No, Your Honor.

2        THE COURT:  Okay.  What I'll do first is tell you what
3   my inclination is on the scheduling, and then I'll ask each of
4   you if you have comments, questions or concerns about it.  The
5   case has certainly been around a while, and particularly when
6   we have an individual like Mr. Booker in custody I always worry
7   about pushing things out too far.  That said, one of the
8   reasons for the delay so far has been getting Mr. Greene and
9   his client access to the information they needed to analyze
10  their financial assessment of the case, which has bearing not
11  just in this case but also in the other case that doesn't
12  involve Mr. Booker.  And I need to be sensitive to giving
13  Mr. Greene and his client enough time to go through that with
14  their expert.  And Mr. Greene tells me, and I have no reason to
15  doubt his candor, that he really needs to have until March to
16  manage this case effectively for his client, and not just this
17  case but the other one as well.  I am inclined to take him at
18  his word on that and try to schedule something in that time
19  frame.  You know, I do have my own constraints, and that's part
20  of the problem, with March.  So I don't know if it's going to
21  be March 1 or where exactly it'll fit, but I'll work with
22  Ms. Bourque on that.  But I am inclined not to schedule it
23  before that for the reasons that Mr. Greene summarizes.

24       With respect to Mr. Booker, it's certainly not great
25  to be sitting in local lock up.  On the other hand, the

1  existing guilty plea conviction that still does stand has him
2  facing a mandatory term of custody that's pretty extensive
3  anyway.  I think it's the 15-year mandatory based on the count
4  of conviction that's still in effect on the firearms charge.
5  So I think the prejudice to him that I might otherwise worry
6  about is a little less severe, and if we have greater need for
7  time and analysis at Mr. Greene's spot I am inclined to go that
8  route.
9           So I can't guarantee it will be March 1.  I am going
10 to sit and talk with Ms. Bourque after we are finished here,
11 but it would not be earlier than March 1 and as close to that
12 timeframe as we could reasonably get it.  If we do something
13 like that, any comments, questions or concerns from you,
14 Mr. Roth?
15          MR. ROTH:  Very broadly, and I think the Court
16 probably has the same thought or concern, which is that there
17 is a third companion case with this as well.  I think they are
18 all in the March area now, and so it's unclear how long each of
19 them will take at trial, and so however the Court can best
20 stack those up is certainly appreciated.
21          THE COURT:  All right.  So remind me of what the third
22 case is?  That one doesn't involve Mr. Cartwright, right?
23          MR. ROTH:  That's correct.  That's the one with Dart
24 and Mosby as the lead Defendant.  It's from the same wiretap.
25 It has a shared Defendant with what I'll call the PPP fraud

1  indictment in which Mr. Cartwright is charged.
2  THE COURT: Okay. And I believe that is currently
3  scheduled for March. All right. Thank you.
4  Any questions or concerns about that from your
5  perspective?
6  MR. GREENE: No, Your Honor. Thank you.
7  THE COURT: Ms. Nieuwenhuis?
8  MS. NIEUWENHUIS: No, Your Honor. Thank you.
9  THE COURT: Or Mr. Booker?
10 DEFENDANT BOOKER: No, Your Honor.
11 THE COURT: Mr. Cartwright?
12 DEFENDANT CARTWRIGHT: No, Your Honor.
13 THE COURT: Okay. All right. Are there other things
14 that would be helpful today to move the case forward? We are
15 at a status conference. We can take -- put on the agenda
16 anything the parties have that they are concerned about. If
17 not, you all know how to reach me if something comes up, but
18 I'll give you that chance since we are here.
19 MR. ROTH: Nothing specific. I know that we filed a
20 number of pretrial documents in anticipation of trial in maybe
21 July, August, something like that. They'll need to be changed
22 a bit, and I'll do so certainly well in advance of scheduled
23 trial, but I'll get that to counsel for review as soon as
24 possible.
25 THE COURT: All right. Mr. Greene?

1   MR. GREENE:  No, Your Honor.  Not at this time.  Thank
2   you.
3   THE COURT:  Okay.  Ms. Nieuwenhuis?
4   MS. NIEUWENHUIS:  I would like to hear from the
5   government in regards to Jencks material, how far, you know,
6   before trial we may be contemplating getting those, especially
7   since we are putting this off for so long?  I just don't want
8   that it gets delayed over the Jencks material, which I am
9   assuming would be quite a bit, but I would like to hear from
10  the government regarding that.
11  THE COURT:  Are you in a position to address that,
12  Mr. Roth?
13  MR. ROTH:  I anticipate it will be approximately a
14  week before trial.
15  THE COURT:  All right.  What's -- what's been handed
16  over so far?  So for example, this was a Title III case, so
17  there would certainly be a lot of recorded materials, and if
18  Mr. Booker was intercepted he'd already have that, right?
19  MR. ROTH:  That's correct, Your Honor.
20  THE COURT:  So you're talking about statements to
21  which he was not a party but that were intercepted with respect
22  to some other witness?
23  MR. ROTH:  All of the recordings are turned over.
24  THE COURT:  All of them are?
25  MR. ROTH:  Let me say recordings differently.  All of

1  the interceptions are turned over.
2  THE COURT: Okay.
3  MR. ROTH: So what we are talking about for Jencks is
4  proffer statements, other witness statements, things like that.
5  THE COURT: And grand jury if there is any?
6  MR. ROTH: Grand jury if there is any.
7  THE COURT: Okay. All right. Anything else,
8  Ms. Nieuwenhuis?
9  MS. NIEUWENHUIS: No, Your Honor. Thank you.
10  THE COURT: Okay. All right. As I said, I'll enter
11  the order dismissing the appeal as moot, and then we'll get a
12  schedule out soon so that you can all count on it with the
13  final pretrial conference date and the trial date not earlier
14  than March 1.
15  MR. ROTH: I apologize, Your Honor. Bit of a
16  procedural question. When the Court sets aside the appeal as
17  moot, will the underlying order be set aside as moot as well?
18  THE COURT: If you have resolved it I guess there is
19  nothing to do. I will have to think about that, but my
20  understanding is that the Defense has the information it needs,
21  so at that point I wouldn't see any purpose to the order
22  underneath it.
23  MR. ROTH: I would agree. The only concern I have is
24  that the order underneath directs us to provide that
25  information in a very different manner that we did not -- we

1  are not able to comply with.  So I just don't want to be in
2  violation of a standing order.
3           THE COURT:  All right.  I'll make something clear in
4  the order of dismissal then.
5           MR. ROTH:  Thank you, Your Honor.
6           THE COURT:  Anything else?
7           MR. GREENE:  Nothing further, Your Honor.  Thank you.
8           THE COURT:  All right.  Thank you all.
9           THE CLERK:  Court is adjourned.
10          (Proceeding concluded, 3:24 p.m.)

REPORTER'S CERTIFICATE

I, Paul G. Brandell, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of the proceedings had in the within entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/ Paul G. Brandell

Paul G. Brandell, CSR-4552, RPR, CRR

U.S. District Court Reporter

399 Federal Building

Grand Rapids, Michigan  49503