UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS LYNN CARTWRIGHT, JR. &
MYKAEL LEE BOOKER,

    Defendants.
_____/

No. 1:20-cr-189

Hon. Jane M. Beckering
U.S. District Judge

**PROPOSED PRELIMINARY JURY INSTRUCTION**

The government proposes the following preliminary jury instruction for the Court's consideration.

The government provided the proposed instruction to defense counsel for concurrence on March 21, 2022. The government received a response from counsel for Mr. Booker and has incorporated changes that were requested. Hence, these instructions represent a joint submission with respect to the government and Mr. Booker. The government has not received a response from counsel for Mr. Cartwright.

_____

You may be wondering what charges the defendants are facing and what rules will apply when you have to decide this case at the end of the trial. I will give you complete instructions about the law that applies once the lawyers are finished presenting evidence. I will also give you various instructions during the trial. However, it will probably be easier for you to understand the evidence as the lawyers

present it if I first give you a brief overview of the charges that you will have to consider at the end of this case. With that goal in mind, here is a limited overview of the charges brought by the government.

Please listen carefully, and feel free to take notes if you wish. Remember that I will give you detailed instructions about all the law that applies at the end of the trial, so if you are taking notes, you need not worry about writing down every point of law I am about to discuss.

First, the defendant, Dennis Lynn Cartwright, Jr., is charged with conspiracy to distribute and possess with intent to distribute controlled substances. The government alleges that the conspiracy took place between November 2018 and December 2020 in Kent County and also in other places.

A conspiracy to distribute controlled substances has two elements: (1) two or more persons conspired, or agreed, to distribute controlled substances, and (2) the defendant knowingly and voluntarily joined the conspiracy. The crime is the agreement and does not require proof that the defendant took any action in furtherance of the conspiracy. You will hear evidence that other people were involved in the conspiracy, but the question for you in this trial will be whether the Defendant Cartwright was involved in the conspiracy.

There is a Codefendant in this case, Mykael Lee Booker. Both Mr. Booker and Mr. Cartwright are charged with possession with intent to distribute controlled substances. The elements of possession of controlled substances with intent to

distribute are (1) the defendant knowingly or intentionally possessed a controlled substance and (2) the defendant intended to distribute the controlled substance.

Both Defendants are also charged with possessing firearms in furtherance of the drug trafficking crimes I have just mentioned. Possession of a firearm in furtherance of drug trafficking is a separate crime is a distinct crime. The elements of this offense are (1) that the defendant committed a drug trafficking crime charged elsewhere in the indictment, (2) that the defendant knowingly possessed a firearm, and (3) that the possession of the firearm was in furtherance of at least one of the drug trafficking crimes charged. The government does not need to prove that a particular firearm was possessed in furtherance of the drug trafficking crime. However, for each defendant, the government must prove at least one specific occurrence on which he personally possessed a firearm in furtherance of one of the drug trafficking crimes charged.

Defendant Cartwright is also charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The elements of felon in possession of a firearm are: (1) that the defendant has been convicted of a crime punishable by imprisonment for more than one year, (2) that the defendant, following his conviction knowingly possessed a firearm, (3) that at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year, and (4) the firearm crossed a state line prior to the alleged possession. The defendant is charged with possessing multiple firearms, but it is sufficient if the evidence establishes that he possessed any one of them.

As you can see, many of the charges in this case concern whether or not one of the defendants possessed controlled substances and firearms. You should know that possession can be joint. This means that more than one person can be in possession of an item. Thus, so long as there is evidence that each defendant possessed the controlled substances or firearms at issue in a particular charge, it does not matter if the defendants possessed these items by themselves or jointly with other people.

Similarly, possession may also be actual or constructive. This means that the law does not require direct physical control of an item in order for a person to be in possession of it. Concerning the controlled substances and firearms at issue in this case, it is sufficient if a defendant actually possessed an item or constructively possessed it. To establish actual possession, the government must prove that a defendant had direct, physical control over the item and knew that he had control of it. To establish constructive possession, the government must prove that a defendant had the right to exercise physical control over the item and knew that he had this right, and that he intended to exercise physical control over it at some time, either directly or through other persons.

The last charge in this case concerns Defendant Cartwright and accuses him of conspiracy to commit concealment money laundering. As with the drug conspiracy, the crime of money laundering conspiracy is the agreement and does not require proof that the defendant took any action in furtherance of the conspiracy. The elements are: (1) two or more people conspired, or agreed, to commit the crime of concealment

4

money laundering and (2) The defendant knowingly and voluntarily joined the conspiracy.

As I mentioned a moment ago, I will give you additional instructions throughout the trial and before your deliberations.

                                          Respectfully submitted,

                                          ANDREW BYERLY BIRGE
                                          United States Attorney

Dated: March 23, 2022          /s/ *Austin J. Hakes*
                                          AUSTIN J. HAKES
                                          ERIN K. LANE
                                          Assistant United States Attorneys
                                          P.O. Box 208
                                          Grand Rapids, MI 49501
                                          (616) 456-2404