10:40AM

1   *IN THE UNITED STATES DISTRICT COURT*
    *FOR THE WESTERN DISTRICT OF MICHIGAN*
2              *SOUTHERN DIVISION*

3

4   UNITED STATES OF AMERICA,

5                 Plaintiff,

6   vs.                              Case No.  1:20-cr-189-4
                                     Hon. Jane M. Beckering
7   MYKAEL LEE BOOKER,

8                 Defendant.
    _____/
9
                    *CHANGE OF PLEA HEARING*
10
     *BEFORE THE HONORABLE JANE M. BECKERING, U.S. DISTRICT JUDGE*
11
            *GRAND RAPIDS, MICHIGAN - FRIDAY, MARCH 25, 2022*
12

13
    APPEARANCES:
14
    For the Plaintiff:   AUSTIN JACOB HAKES
15                       Assistant U.S. Attorney
                         330 Ionia Avenue, NW
16                       Suite 501
                         Grand Rapids, MI 49503
17                       (616) 456-2404

18  For the Defendant:   HELEN C. NIEUWENHUIS
                         Federal Public Defender Office
19                       50 Louis Street NW, Suite 300
                         Grand Rapids, MI 49503-2633
20                       (616) 742-7420

21  ALSO PRESENT:        MYKAEL LEE BOOKER, Defendant

22

23  REPORTED BY:         MELINDA I. DEXTER, CSR-4629, RMR, CRR
                         U.S. District Official Court Reporter
24                       602 Federal Building
                         110 Michigan St., NW
25                       Grand Rapids, MI 49503

| | | |
|---|---|---|
| 10:59AM | 1 | Grand Rapids, Michigan |
| | 2 | Friday, March 25, 2022 |
| 10:59AM | 3 | 10:59 a.m. |
| 10:59AM | 4 | THE CLERK:  All rise, please. |
| 10:59AM | 5 | The United States District Court for the Western |
| | 6 | District of Michigan, the Honorable Jane M. Beckering, United |
| | 7 | States District Judge, presiding. |
| | 8 | All persons having business before this court draw |
| | 9 | near, give attention, and you shall be heard.  God save these |
| | 10 | United States and this Honorable Court. |
| 10:59AM | 11 | This court is now in session.  Please be seated. |
| 10:59AM | 12 | THE COURT:  Good morning, everyone. |
| 10:59AM | 13 | MR. HAKES:  Morning, Your Honor. |
| 10:59AM | 14 | MS. NIEUWENHUIS:  Morning. |
| 10:59AM | 15 | THE COURT:  This is the date and time for a hearing |
| 10:59AM | 16 | on a change of plea in the matter of the United States of |
| 11:00AM | 17 | America versus Mykael Lee Booker. |
| 11:00AM | 18 | May I have the appearances of counsel and |
| 11:00AM | 19 | introductions, please. |
| 11:00AM | 20 | MR. HAKES:  Good morning, Your Honor.  Austin Hakes |
| 11:00AM | 21 | on behalf of the United States. |
| 11:00AM | 22 | THE COURT:  Morning. |
| 11:00AM | 23 | MS. NIEUWENHUIS:  And Helen Nieuwenhuis on behalf of |
| 11:00AM | 24 | Mr. Booker, Your Honor, and Mr. Booker actually does pronounce |
| 11:00AM | 25 | his name Michael. |

| | | |
|---|---|---|
| 11:00AM | **1** | THE COURT:  Michael.  Thank you.  I was going to ask |
| 11:00AM | **2** | at the beginning. |
| 11:00AM | **3** | Mr. Booker, nice to meet you. |
| 11:00AM | **4** | THE DEFENDANT:  Nice to meet you too. |
| 11:00AM | **5** | THE COURT:  It's my understanding -- and we'll talk |
| 11:00AM | **6** | about the background here -- Mr. Booker stands guilty by way |
| 11:00AM | **7** | of a guilty plea to Count 1 of the Superseding Indictment, |
| 11:00AM | **8** | which is a conspiracy to distribute and possess with intent to |
| 11:00AM | **9** | distribute 500 grams or more of cocaine, as well as Count 3, |
| 11:00AM | **10** | which is felon in possession of ammunition, and that's ECF 44. |
| 11:00AM | **11** | Today he stands accused in the Third Superseding |
| 11:00AM | **12** | Indictment to Count 2, which is possession with intent to |
| 11:00AM | **13** | distribute cocaine base, and Count 3, which is possession of a |
| 11:01AM | **14** | firearm in furtherance of drug trafficking. |
| 11:01AM | **15** | Trial is currently scheduled to begin on Tuesday, |
| 11:01AM | **16** | April 12th, and my understanding is that Mr. Booker and the |
| 11:01AM | **17** | Government, and I've read the written plea agreement, have |
| 11:01AM | **18** | entered into that plea.  And Mr. Booker would like to enter |
| 11:01AM | **19** | into a plea of guilty to Count 2 today. |
| 11:01AM | **20** | Is that correct? |
| 11:01AM | **21** | MS. NIEUWENHUIS:  That is correct, Your Honor. |
| 11:01AM | **22** | THE COURT:  All right. |
| 11:01AM | **23** | Mr. Booker, are you ready to proceed today? |
| 11:01AM | **24** | THE DEFENDANT:  Yes, ma'am. |
| 11:01AM | **25** | THE COURT:  All right.  Before I take your plea, I |

| 11:01AM | 1 | need to make sure of two things: |

11:01AM    1    need to make sure of two things:

11:01AM    2    One is that you are able to understand what I am

11:01AM    3    saying.  I'm going to go through all of your rights, and I

11:01AM    4    know that you have -- have a lot of things in the written plea

11:01AM    5    agreement, but we're going to do that in open court today

11:01AM    6    too --

11:01AM    7    THE DEFENDANT:  Okay.

11:01AM    8    THE COURT:  -- to make sure you understand me, and I

11:01AM    9    want to make sure that you are of the right frame of mind

11:01AM    10    today that you are making a decision about this case and its

11:02AM    11    significant impact on you and your life and that you feel

11:02AM    12    ready to make that decision today.

11:02AM    13    Do you understand?

11:02AM    14    THE DEFENDANT:  Yes, ma'am.

11:02AM    15    THE COURT:  If you decide to plead guilty, the first

11:02AM    16    right that you are going to give up is your right to remain

11:02AM    17    silent and to not have that silence used against you.  You are

11:02AM    18    going to be placed under oath, and you'll be asked questions,

11:02AM    19    including what makes you believe that you are guilty of the

11:02AM    20    charged offense.  You'll be subject to the rules of perjury

11:02AM    21    should anything that you say today not be true.

11:02AM    22    Do you understand that?

11:02AM    23    THE DEFENDANT:  Yes, ma'am.

11:02AM    24    THE COURT:  All right.  Do you still wish to proceed?

11:02AM    25    THE DEFENDANT:  Yes, ma'am.

| | | |
|---|---|---|
| 11:02AM | 1 | THE COURT:  All right.  I'll ask Mr. Wolters to swear |
| 11:02AM | 2 | you in.  Would you stand and raise your right hand. |
| 11:02AM | 3 | THE CLERK:  Raise your right hand. |
| 11:02AM | 4 | *(MYKAEL LEE BOOKER, DEFENDANT, WAS DULY SWORN)* |
| 11:02AM | 5 | THE DEFENDANT:  Yes, sir. |
| 11:02AM | 6 | THE CLERK:  Thank you.  Please be seated. |
| 11:03AM | 7 | THE COURT:  Could you state your full name for the |
| 11:03AM | 8 | record. |
| 11:03AM | 9 | THE DEFENDANT:  My name is Mykael Lee Booker. |
| 11:03AM | 10 | THE COURT:  And could you speak up because I'm not |
| 11:03AM | 11 | the best of hearing myself. |
| 11:03AM | 12 | THE DEFENDANT:  Can you hear me? |
| 11:03AM | 13 | THE COURT:  I can. |
| 11:03AM | 14 | THE DEFENDANT:  My name is Mykael Lee Booker. |
| 11:03AM | 15 | THE COURT:  Thank you.  Where were you born, |
| 11:03AM | 16 | Mr. Booker? |
| 11:03AM | 17 | THE DEFENDANT:  Grand Rapids, Michigan. |
| 11:03AM | 18 | THE COURT:  And are you -- you were born in America, |
| 11:03AM | 19 | and you are an American citizen? |
| 11:03AM | 20 | THE DEFENDANT:  Yes, ma'am. |
| 11:03AM | 21 | THE COURT:  How far did you go in school? |
| 11:03AM | 22 | THE DEFENDANT:  Partial first year of college. |
| 11:03AM | 23 | THE COURT:  Partial first year of college? |
| 11:03AM | 24 | THE DEFENDANT:  Right. |
| 11:03AM | 25 | THE COURT:  So you can read and write and understand |

| | | |
|---|---|---|
| 11:03AM | 1 | the English language well? |
| 11:03AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:03AM | 3 | THE COURT:  Do you have any mental, physical, or |
| 11:03AM | 4 | emotional issues that would make it difficult for you to |
| 11:03AM | 5 | understand what is going on in court today? |
| 11:03AM | 6 | THE DEFENDANT:  No, ma'am. |
| 11:03AM | 7 | THE COURT:  Do you have any medications, or have you |
| 11:03AM | 8 | had any drugs or alcohol in the past 24 hours? |
| 11:03AM | 9 | THE DEFENDANT:  No, ma'am. |
| 11:03AM | 10 | THE COURT:  Is anything causing you to be sleepy or |
| 11:04AM | 11 | drowsy or that will prevent you from understanding? |
| 11:04AM | 12 | THE DEFENDANT:  No, ma'am. |
| 11:04AM | 13 | THE COURT:  Ms. Nieuwenhuis, do you believe that your |
| 11:04AM | 14 | client is competent to proceed? |
| 11:04AM | 15 | MS. NIEUWENHUIS:  I do, Your Honor. |
| 11:04AM | 16 | THE COURT:  And do either counsel have any indication |
| 11:04AM | 17 | or any reason that it is not appropriate for us to proceed |
| 11:04AM | 18 | with a plea today? |
| 11:04AM | 19 | MR. HAKES:  Nothing from the Government on that |
| 11:04AM | 20 | matter. |
| 11:04AM | 21 | MS. NIEUWENHUIS:  No, Your Honor. |
| 11:04AM | 22 | THE COURT:  All right. |
| 11:04AM | 23 | Mr. Booker, you have been represented by |
| 11:04AM | 24 | Ms. Nieuwenhuis.  You know that you have a right to counsel |
| 11:04AM | 25 | now, and were you to take it to trial, you'd have a right to |

| | | |
|---|---|---|
| 11:04AM | 1 | an attorney throughout that entire process, correct? |
| 11:04AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:04AM | 3 | THE COURT:  Even if you were to lose an appeal, |
| 11:04AM | 4 | right? |
| 11:04AM | 5 | THE DEFENDANT:  Yes, ma'am. |
| 11:04AM | 6 | THE COURT:  All right.  Are you satisfied with |
| 11:04AM | 7 | Ms. Nieuwenhuis's representation so far? |
| 11:04AM | 8 | THE DEFENDANT:  Yes, ma'am. |
| 11:04AM | 9 | THE COURT:  And you've had a chance to read the |
| 11:04AM | 10 | written plea agreement with her and you fully understand what |
| 11:04AM | 11 | that entails? |
| 11:04AM | 12 | THE DEFENDANT:  Yes, ma'am. |
| 11:04AM | 13 | THE COURT:  Okay.  And she's answered any and all |
| 11:05AM | 14 | questions you have to your satisfaction? |
| 11:05AM | 15 | THE DEFENDANT:  Yes. |
| 11:05AM | 16 | THE COURT:  Great.  I want to talk about the |
| 11:05AM | 17 | Indictment and the elements and the maximum penalties.  We'll |
| 11:05AM | 18 | talk about sentencing.  We'll talk about the plea agreement |
| 11:05AM | 19 | and -- to make sure that you understand all of that before I |
| 11:05AM | 20 | then take your plea.  So let's start with the Indictment. |
| 11:05AM | 21 | You've read that Third Superseding Indictment, |
| 11:05AM | 22 | correct? |
| 11:05AM | 23 | THE DEFENDANT:  Yes. |
| 11:05AM | 24 | THE COURT:  And do you waive -- you have a right to |
| 11:05AM | 25 | an open reading of that which you would make a plea at.  Do |

| | | |
|---|---|---|
| 11:05AM | 1 | you agree to waive that today? |
| 11:05AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:05AM | 3 | THE COURT:  All right.  What we'll do is summarize |
| 11:05AM | 4 | that.  All right.  Let's see here. |
| 11:05AM | 5 | Mr. Hakes, let's talk about what we're facing here, a |
| 11:05AM | 6 | taking of a plea to Count 2.  Would you summarize the factual |
| 11:05AM | 7 | basis.  I know you probably have that from the written plea |
| 11:05AM | 8 | agreement.  There is a paragraph there. |
| 11:06AM | 9 | MR. HAKES:  I do, Your Honor.  It's reflected in |
| 11:06AM | 10 | paragraph 6 of the written plea agreement, but I can explain, |
| 11:06AM | 11 | you know, if Mr. Booker were to proceed to trial on this |
| 11:06AM | 12 | count, the Government would present proofs as follows: |
| 11:06AM | 13 | On or about November 22, 2020, law enforcement |
| 11:06AM | 14 | partners in this case, to include people working in |
| 11:06AM | 15 | conjunction with the Drug Enforcement Administration, executed |
| 11:06AM | 16 | a federal search warrant at an apartment in Kentwood, |
| 11:06AM | 17 | Michigan.  Mr. Booker was found inside that apartment located |
| 11:06AM | 18 | on a Wingate Avenue, and inside there were multiple pieces of |
| 11:06AM | 19 | evidence indicative of drug trafficking, to include digital |
| 11:06AM | 20 | scales, and, perhaps most importantly, approximately 7.6 grams |
| 11:06AM | 21 | of cocaine base on the kitchen table. |
| 11:06AM | 22 | We would also bring forth the testimony of a drug |
| 11:06AM | 23 | trafficking expert to explain that 7.6 grams of cocaine base |
| 11:06AM | 24 | is more than a single use dose of cocaine base and is |
| 11:06AM | 25 | indicative of an intent to distribute to other people. |

11:07AM  **1**         Besides the evidence that was collected on that date,

11:07AM  **2**  there would be evidence in the form of wire intercepted calls

11:07AM  **3**  in which Mr. Booker is overheard discussing what appears to be

11:07AM  **4**  trafficking in cocaine with other members of a conspiracy.

11:07AM  **5**  That would also be an additional basis of the intent to

11:07AM  **6**  distribute element of this offense.  And I think that would be

11:07AM  **7**  the facts that the Government would prove in this case if it

11:07AM  **8**  were to proceed to trial.

11:07AM  **9**         THE COURT:  All right.  And would you also identify

11:07AM  **10**  the elements of the offense for Count 2.

11:07AM  **11**         MR. HAKES:  Certainly, Your Honor.  So there are two

11:07AM  **12**  elements in possession with intent to distribute a controlled

11:07AM  **13**  substance.  In this case, the controlled substance alleged is

11:07AM  **14**  cocaine base, also known as crack cocaine.

11:07AM  **15**         To be guilty of this offense, the following must be

11:07AM  **16**  true:  First, the Defendant must have knowingly possessed a

11:07AM  **17**  mixture containing a detectible amount of cocaine base; and,

11:07AM  **18**  second, the Defendant must have intended to distribute the

11:07AM  **19**  controlled substances.

11:07AM  **20**         THE COURT:  Thank you.

11:07AM  **21**         With regard to Count 2, which is an offense under 21

11:08AM  **22**  U.S.C. 841 (a)(1) and (b)(1)(c), the maximum penalty is not

11:08AM  **23**  more than 20 years' imprisonment and a $1 million fine.  As

11:08AM  **24**  well, not less than three years and up to life of supervised

11:08AM  **25**  release and a mandatory special assessment of $100.

11:08AM  1          Mr. Hakes, is it my understanding there are no

11:08AM  2    mandatory minimums, correct?

11:08AM  3          MR. HAKES:  That's correct.  There are none

11:08AM  4    associated with this count, Your Honor.

11:08AM  5          THE COURT:  And that the sentences would be

11:08AM  6    concurrent?

11:08AM  7          MR. HAKES:  It would be up to the Court's discretion.

11:08AM  8    There is no requirement that it be run consecutive,

11:08AM  9    Your Honor.

11:08AM  10          THE COURT:  Okay.  Thank you.

11:08AM  11          And I understand there is also some forfeiture

11:08AM  12    agreement about forfeiture as well.  Is that true?

11:08AM  13          MR. HAKES:  Yes.  And they are reflected in the

11:08AM  14    written plea agreement in this case, Your Honor.

11:08AM  15          THE COURT:  All right.  I know he -- at this point

11:08AM  16    there is forfeiture allegations as with regard to all existing

11:08AM  17    counts.

11:08AM  18          Any questions at this point, Mr. Booker, about the

11:09AM  19    Indictment and the maximum penalties?

11:09AM  20          THE DEFENDANT:  No, ma'am.

11:09AM  21          THE COURT:  All right.  Per the Sentencing Reform Act

11:09AM  22    of 1984, the U.S. Sentencing Commission issued advisory

11:09AM  23    guidelines, including a very thick manual for judges to

11:09AM  24    consult when determining a sentence.

11:09AM  25          Mr. Booker, have you been convicted in federal court

| | | |
|---|---|---|
| 11:09AM | 1 | before? |
| 11:09AM | 2 | THE DEFENDANT:  No, ma'am.  I haven't. |
| 11:09AM | 3 | THE COURT:  All right.  Have you been convicted in |
| 11:09AM | 4 | state court before? |
| 11:09AM | 5 | THE DEFENDANT:  Yes. |
| 11:09AM | 6 | THE COURT:  All right.  The mandatory -- there are no |
| 11:09AM | 7 | more mandatory sentencing guidelines in either actually |
| 11:09AM | 8 | Michigan or the federal court.  The courts must calculate the |
| 11:09AM | 9 | guidelines and they must take those guidelines into account, |
| 11:09AM | 10 | but they are not bound by those guidelines.  They're bound to |
| 11:09AM | 11 | individually determine your sentence with those considerations |
| 11:09AM | 12 | in mind. |
| 11:10AM | 13 | Have you had a chance to talk with your lawyer about |
| 11:10AM | 14 | the U.S. sentencing guidelines?  Do you have a general |
| 11:10AM | 15 | understanding of how they work? |
| 11:10AM | 16 | THE DEFENDANT:  Yes. |
| 11:10AM | 17 | THE COURT:  You understand that if you plead guilty, |
| 11:10AM | 18 | the probation department will have someone who will thoroughly |
| 11:10AM | 19 | evaluate your history, your prior criminal record, other |
| 11:10AM | 20 | circumstances of you and the offense at issue, and they |
| 11:10AM | 21 | provide us with a very detailed report.  They also calculate |
| 11:10AM | 22 | what they believe to be the guidelines. |
| 11:10AM | 23 | Do you understand that to be the case? |
| 11:10AM | 24 | THE DEFENDANT:  Yes, ma'am. |
| 11:10AM | 25 | THE COURT:  And you understand it is the Court's |

| | | |
|---|---|---|
| 11:10AM | 1 | obligation, then, to determine what the scoring is, which may |
| 11:10AM | 2 | or may not be in accord with what the probation agent believes |
| 11:10AM | 3 | those scores to be. |
| 11:10AM | 4 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:10AM | 5 | THE COURT:  You understand that at this point, you |
| 11:10AM | 6 | may have estimated what those guidelines are, but we do not |
| 11:10AM | 7 | know what they are until we get that report. |
| 11:10AM | 8 | You understand that? |
| 11:10AM | 9 | THE DEFENDANT:  Yes, ma'am. |
| 11:10AM | 10 | THE COURT:  You also understand that you will play a |
| 11:11AM | 11 | role in participating in the preparation of that probation |
| 11:11AM | 12 | report.  If there is anything that you feel is inaccurate or |
| 11:11AM | 13 | incomplete, you can contribute to that process. |
| 11:11AM | 14 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:11AM | 15 | THE COURT:  And you also have an opportunity to |
| 11:11AM | 16 | object to anything that you find is inaccurate.  So I will not |
| 11:11AM | 17 | calculate those guidelines until both the U.S. Attorney, the |
| 11:11AM | 18 | Government, and your -- your attorney have an opportunity to |
| 11:11AM | 19 | review that and lodge any objections. |
| 11:11AM | 20 | Do you understand that? |
| 11:11AM | 21 | THE DEFENDANT:  Yes, ma'am. |
| 11:11AM | 22 | THE COURT:  After the guidelines are calculated, the |
| 11:11AM | 23 | Court is also obligated to evaluate a proper sentence for you |
| 11:11AM | 24 | under what is called -- it's 18 U.S.C. 3553(a) factors. |
| 11:11AM | 25 | You understand that? |

| 11:11AM | 1 | THE DEFENDANT:  Yes, ma'am, I do. |

11:11AM  1    THE DEFENDANT:  Yes, ma'am, I do.

11:11AM  2    THE COURT:  So when you and I meet probably three

11:12AM  3  months from now, we will talk about your particular

11:12AM  4  circumstance, and I will be evaluating your sentence and

11:12AM  5  making a determination based on several factors, including the

11:12AM  6  nature of the offense, the circumstances of you, the offender.

11:12AM  7    I need to take into account in my decision-making the

11:12AM  8  seriousness of the offense, I have to promote respect for the

11:12AM  9  law, and I have to provide just punishment.  The sentence must

11:12AM  10  provide deterrence to you and to others to avoid committing

11:12AM  11  crimes of this nature going forward.

11:12AM  12    I also consider the need to provide you with

11:12AM  13  educational or vocational and correctional treatment for

11:12AM  14  remediation efforts.  I need to consider the kinds of

11:12AM  15  sentencing's available based on where you fall in the

11:12AM  16  guidelines scoring.  I need to avoid unwarranting [sic]

11:13AM  17  sentencing disparities among similarly situated Defendants.

11:13AM  18  We try to be as equal as possible under the law.

11:13AM  19    I may also consider variance requests, including by

11:13AM  20  your counsel, to go above or below the guidelines, and we will

11:13AM  21  talk about those at the time.

11:13AM  22    Do you understand the idea of the departures and the

11:13AM  23  variance?

11:13AM  24    THE DEFENDANT:  Yes.  Yes, ma'am, I do.

11:13AM  25    THE COURT:  Okay.  Great.  You understand I have the

| | | |
|---|---|---|
| 11:13AM | 1 | authority to go above the guidelines range? |
| 11:13AM | 2 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 3 | THE COURT:  And below it, correct? |
| 11:13AM | 4 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 5 | THE COURT:  You understand that whatever sentence I |
| 11:13AM | 6 | impose, if you don't agree to it, you don't have an |
| 11:13AM | 7 | opportunity to withdraw your plea. |
| 11:13AM | 8 | You understand that? |
| 11:13AM | 9 | THE DEFENDANT:  Yes, ma'am. |
| 11:13AM | 10 | THE COURT:  Has anyone made you any promises about |
| 11:13AM | 11 | what your sentence will be? |
| 11:13AM | 12 | THE DEFENDANT:  No, ma'am. |
| 11:13AM | 13 | THE COURT:  And do you understand Michigan, there is |
| 11:13AM | 14 | no parole? |
| 11:13AM | 15 | THE DEFENDANT:  Yes.  Yes, ma'am. |
| 11:13AM | 16 | THE COURT:  What we have is supervised release, and |
| 11:13AM | 17 | that is you will do the time to which you are sentenced with |
| 11:14AM | 18 | 15 percent credit.  Then you are placed on supervised release, |
| 11:14AM | 19 | which is the Court, through the probation department, |
| 11:14AM | 20 | supervising your conduct, and you are to follow certain |
| 11:14AM | 21 | requirements in that regard. |
| 11:14AM | 22 | THE DEFENDANT:  Yes, ma'am. |
| 11:14AM | 23 | THE COURT:  Do you understand that if you violate the |
| 11:14AM | 24 | terms of that supervised release, it is possible that through |
| 11:14AM | 25 | those violations, you would serve more time than the maximum |

| | | |
|---|---|---|
| 11:14AM | 1 | sentence of the offense? |
| 11:14AM | 2 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:14AM | 3 | THE COURT:  You are currently detained, correct? |
| 11:14AM | 4 | THE DEFENDANT:  Yes, ma'am. |
| 11:14AM | 5 | THE COURT:  And you understand that -- |
| 11:14AM | 6 | Under the nature of the crime, is it currently he |
| 11:14AM | 7 | will remain detained until sentencing? |
| 11:14AM | 8 | MR. HAKES:  That's correct, Your Honor. |
| 11:14AM | 9 | THE COURT:  All right. |
| 11:14AM | 10 | We'll move on to other consequences of your plea |
| 11:14AM | 11 | today.  If convicted of a felony, you may be deprived of |
| 11:14AM | 12 | certain rights, including the right to vote, hold office, |
| 11:14AM | 13 | serve on a jury, and possess firearms. |
| 11:14AM | 14 | Do you understand that? |
| 11:14AM | 15 | THE DEFENDANT:  Yes, ma'am. |
| 11:14AM | 16 | THE COURT:  You are a U.S. citizen, but if you were |
| 11:15AM | 17 | not, you could be removed from the country and denied reentry. |
| 11:15AM | 18 | Do you understand that? |
| 11:15AM | 19 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:15AM | 20 | THE COURT:  You understand that if you are currently |
| 11:15AM | 21 | on probation or parole in another case, that this could affect |
| 11:15AM | 22 | your status in that regard? |
| 11:15AM | 23 | THE DEFENDANT:  Yes, ma'am. |
| 11:15AM | 24 | THE COURT:  Are you on parole anywhere else or |
| 11:15AM | 25 | probation? |

| | | |
|---|---|---|
| 11:15AM | **1** | THE DEFENDANT:  I'm on probation for Kent County. |
| 11:15AM | **2** | THE COURT:  Okay.  So that -- this may have |
| 11:15AM | **3** | consequences. |
| 11:15AM | **4** | You understand that? |
| 11:15AM | **5** | THE DEFENDANT:  Yes. |
| 11:15AM | **6** | THE COURT:  You understand all of the penalties so |
| 11:15AM | **7** | far that we've discussed? |
| 11:15AM | **8** | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:15AM | **9** | THE COURT:  I know you read your written plea |
| 11:15AM | **10** | agreement, and you talked about the rights you'll be giving |
| 11:15AM | **11** | up, but I want to read those in open court as well to make |
| 11:15AM | **12** | sure that you understand that. |
| 11:15AM | **13** | You have the following rights:  And that's to plead |
| 11:15AM | **14** | not guilty and persist in that plea. |
| 11:15AM | **15** | You understand that? |
| 11:15AM | **16** | THE DEFENDANT:  Yes. |
| 11:15AM | **17** | THE COURT:  You have the right to the presumption of |
| 11:15AM | **18** | innocence until proven guilty. |
| 11:15AM | **19** | You understand? |
| 11:15AM | **20** | THE DEFENDANT:  Yes, ma'am. |
| 11:15AM | **21** | THE COURT:  You have the right to a trial by jury |
| 11:16AM | **22** | with the assistance of counsel and one to be appointed for you |
| 11:16AM | **23** | if you cannot afford that. |
| 11:16AM | **24** | You understand that? |
| 11:16AM | **25** | THE DEFENDANT:  Yes, ma'am. |

| | | |
|---|---|---|
| 11:16AM | 1 | THE COURT:  You have at least 30 days to prepare for |
| 11:16AM | 2 | trial from the date of your first appearance through counsel. |
| 11:16AM | 3 | Do you understand that? |
| 11:16AM | 4 | THE DEFENDANT:  Yes, ma'am. |
| 11:16AM | 5 | THE COURT:  And you have the right to confront and |
| 11:16AM | 6 | cross-examine witnesses against you. |
| 11:16AM | 7 | Do you understand that? |
| 11:16AM | 8 | THE DEFENDANT:  Yes, ma'am. |
| 11:16AM | 9 | THE COURT:  You also understand that you need not |
| 11:16AM | 10 | present any evidence in your defense. |
| 11:16AM | 11 | Do you understand? |
| 11:16AM | 12 | THE DEFENDANT:  Yes.  Yes, ma'am. |
| 11:16AM | 13 | THE COURT:  And you also may call witnesses on your |
| 11:16AM | 14 | behalf and compel their attendance. |
| 11:16AM | 15 | Do you understand that? |
| 11:16AM | 16 | THE DEFENDANT:  Yes, ma'am. |
| 11:16AM | 17 | THE COURT:  And as we talked about, you have the |
| 11:16AM | 18 | right to remain silent and not be compelled to incriminate |
| 11:16AM | 19 | yourself or the right to testify should you chose to do so. |
| 11:16AM | 20 | Understand? |
| 11:16AM | 21 | THE DEFENDANT:  Yes, ma'am. |
| 11:16AM | 22 | THE COURT:  And you ultimately have the right to hold |
| 11:16AM | 23 | the Government to its proofs beyond a reasonable doubt. |
| 11:16AM | 24 | Do you understand that? |
| 11:16AM | 25 | THE DEFENDANT:  Yes, ma'am. |

| | | |
|---|---|---|
| 11:16AM | 1 | THE COURT:  If you plead guilty, there will be no |
| 11:17AM | 2 | trial, and you will give up all of those rights I just |
| 11:17AM | 3 | described. |
| 11:17AM | 4 | Do you understand? |
| 11:17AM | 5 | THE DEFENDANT:  Yes, ma'am. |
| 11:17AM | 6 | THE COURT:  And we'll talk about the plea agreement |
| 11:17AM | 7 | in a minute.  There are certain rights to appeal that you'll |
| 11:17AM | 8 | be giving up as well. |
| 11:17AM | 9 | Do you understand that? |
| 11:17AM | 10 | THE DEFENDANT:  Yes, ma'am, I do. |
| 11:17AM | 11 | THE COURT:  All right.  Let's talk about -- at this |
| 11:17AM | 12 | point I'm going to take your plea, and then we'll talk about |
| 11:17AM | 13 | some of the details of the plea agreement. |
| 11:17AM | 14 | So as to Count 2 of the Third Superseding Indictment, |
| 11:17AM | 15 | possession with intent to distribute cocaine base, Mr. Booker, |
| 11:17AM | 16 | how do you plead? |
| 11:17AM | 17 | THE DEFENDANT:  I plead guilty, Your Honor. |
| 11:17AM | 18 | THE COURT:  Is your plea the result of any force, |
| 11:17AM | 19 | threats, or promises apart from the plea agreement? |
| 11:17AM | 20 | THE DEFENDANT:  No, ma'am. |
| 11:17AM | 21 | THE COURT:  Is your decision to plead guilty |
| 11:17AM | 22 | voluntary and an act of free will? |
| 11:17AM | 23 | THE DEFENDANT:  Yes, ma'am. |
| 11:17AM | 24 | THE COURT:  Are you pleading guilty because you are, |
| 11:17AM | 25 | in fact, guilty of the offense set forth in Count 2 of the |

11:17AM  1    Third Superseding Indictment?

11:17AM  2            THE DEFENDANT:  Yes, ma'am, I am.

11:18AM  3            THE COURT:  All right.  Let's discuss the terms of

11:18AM  4    the plea agreement.

11:18AM  5            Mr. Hakes, could you describe pertinent portions of

11:18AM  6    that plea agreement?

11:18AM  7            MR. HAKES:  Certainly, Your Honor.  The first

11:18AM  8    paragraph in the plea agreement relates the Defendant's

11:18AM  9    promise to plead guilty to Count 2 of the Third Indictment,

11:18AM  10   which he has just done moments ago.

11:18AM  11           The second paragraph explains the elements of the

11:18AM  12   offense.

11:18AM  13           The third paragraph outlines the maximum penalties.

11:18AM  14   Those elements and penalties are the same as have been relayed

11:18AM  15   to Mr. Booker here today in court.

11:18AM  16           Chapter 4 defines supervised release again with the

11:18AM  17   information that Mr. Booker has been provided here today, and

11:18AM  18   paragraph 5 discusses the sentencing guidelines.

11:18AM  19           Paragraph 6 describes a factual basis of Mr. Booker's

11:18AM  20   guilt, and paragraph 7 discusses asset forfeiture both in

11:18AM  21   pertaining to his previous offenses of conviction arising from

11:18AM  22   the Superseding Indictment in this case, as well as his

11:19AM  23   offense of conviction of Count 2 of the Third Superseding

11:19AM  24   Indictment here.

11:19AM  25           Paragraph 8 describes the United States Attorney's

11:19AM  1    Office promises in this case.  Most importantly to Mr. Booker,

11:19AM  2    the Government is agreeing to dismiss Count 4 in this -- let

11:19AM  3    me make sure I just recited it --

11:19AM  4           THE COURT:  Count 3?

11:19AM  5           MR. HAKES:  Count 3, my apologies.  Count 3 against

11:19AM  6    Mr. Booker in the Third Superseding Indictment, which alleges

11:19AM  7    possession of a firearm in furtherance of drug trafficking.

11:19AM  8           The dismissal will happen at the time of sentencing

11:19AM  9    at which time the Government will also move to dismiss any

11:19AM  10   remaining charges filed against Mr. Booker in any of the

11:19AM  11   underlying charging instruments.

11:19AM  12          Paragraph 9 just relates that there is no agreement

11:19AM  13   about the final sentencing guideline range in this case.

11:19AM  14          And paragraph 10 discusses a waiver of Mr. Booker's

11:19AM  15   constitutional rights.  Those are rights that the Court has

11:19AM  16   just gone over with Mr. Booker.

11:19AM  17          Paragraph 11 discusses a waiver of appeal and

11:19AM  18   collateral attack in this case and explains that Mr. Booker is

11:19AM  19   waiving both of those rights with six limited exceptions that

11:20AM  20   are described in paragraph 11(b).  Those exceptions are:

11:20AM  21          If the Defendant's sentence on any count or

11:20AM  22   conviction exceeded the statutory maximum for that count;

11:20AM  23          If the Defendant's sentence was based on an

11:20AM  24   unconstitutional factor, such as race, religion, national

11:20AM  25   origin, or gender;

11:20AM    **1**         If the district court incorrectly determined the

11:20AM    **2**    sentencing guideline range if the Defendant objects at

11:20AM    **3**    sentencing on that basis;

11:20AM    **4**         If the Defendant's sentence is above the sentencing

11:20AM    **5**    guideline range as determined by the Court at sentencing and

11:20AM    **6**    is unreasonable;

11:20AM    **7**         If the guilty plea was involuntary or unknowing;

11:20AM    **8**         And, finally, if the attorney who represented

11:20AM    **9**    Mr. Booker during the course of this criminal case provided

11:20AM   **10**    ineffective assistance of counsel.

11:20AM   **11**         Paragraph 12 concerns -- contains a waiver of any

11:20AM   **12**    rights Mr. Booker may have under the Freedom of Information

11:20AM   **13**    Act.

11:20AM   **14**         Paragraph 13 just makes clear that this is an

11:20AM   **15**    agreement between the United States Attorney's Office for the

11:20AM   **16**    Western District of Michigan and Mr. Booker and does not

11:20AM   **17**    include the Court as a party.

11:20AM   **18**         Paragraph 14 again explains that the agreement is

11:21AM   **19**    limited to the parties and doesn't bind any other portion of

11:21AM   **20**    the federal government or state or local jurisdictions.

11:21AM   **21**         Paragraph 15 explains what the consequences of a

11:21AM   **22**    breach will be; namely, that both parties will go back to the

11:21AM   **23**    position they were before signing this agreement, which is

11:21AM   **24**    proceeding to trial.

11:21AM   **25**         And paragraph 16 explains that this is the complete

11:21AM  1    agreement and there aren't any promises besides what has been

11:21AM  2    written down there and filed with the Court.

11:21AM  3              That's a summary, Your Honor.

11:21AM  4              THE COURT:  Thank you, Mr. Hakes.

11:21AM  5              Mr. Booker, I see that you have a document in front

11:21AM  6    of you.

11:21AM  7              Is that the written plea agreement?

11:21AM  8              THE DEFENDANT:  Yes.

11:21AM  9              THE COURT:  And have you read that in its entirety?

11:21AM  10             THE DEFENDANT:  Yes, ma'am, I have.

11:21AM  11             THE COURT:  And I see a signature page with a date of

11:21AM  12   3-24-22.

11:21AM  13             Is that your signature?

11:21AM  14             THE DEFENDANT:  Yes, ma'am.

11:21AM  15             THE COURT:  Did you sign this agreement on March 24th

11:21AM  16   of 2022?

11:21AM  17             THE DEFENDANT:  Yes, ma'am, I did.

11:21AM  18             THE COURT:  Ms. Nieuwenhuis, is there any additional

11:21AM  19   salient parts of that written plea agreement you'd like to

11:21AM  20   address for the record?

11:21AM  21             MS. NIEUWENHUIS:  No, Your Honor.  Thank you.

11:21AM  22             THE COURT:  Is there anything in that plea agreement

11:22AM  23   that is unclear to you or that you don't understand or about

11:22AM  24   you have any questions at this time?

11:22AM  25             THE DEFENDANT:  No.  Not at this moment, Your Honor.

| | | |
|---|---|---|
| 11:22AM | 1 | THE COURT:  Ms. Nieuwenhuis, are you aware of any |
| 11:22AM | 2 | promises, threats, or inducement other than those in the plea |
| 11:22AM | 3 | agreement or discussed on the record? |
| 11:22AM | 4 | MS. NIEUWENHUIS:  I am not, Your Honor. |
| 11:22AM | 5 | THE COURT:  The Court has two decisions to make |
| 11:22AM | 6 | associated with this change of plea hearing: |
| 11:22AM | 7 | One is whether to accept your guilty plea to Count 2, |
| 11:22AM | 8 | and the other is whether to accept the plea agreement.  These |
| 11:22AM | 9 | are separate matters.  The Court's role with the plea |
| 11:22AM | 10 | agreement is to make sure that it reflects the best interest |
| 11:22AM | 11 | of justice. |
| 11:22AM | 12 | I will decide today whether to accept the plea if |
| 11:22AM | 13 | it's voluntary, you understand it, and there is an adequate |
| 11:22AM | 14 | factual basis, but I won't decide whether to accept the plea |
| 11:22AM | 15 | agreement until after I review the presentencing report. |
| 11:23AM | 16 | Any questions about that? |
| 11:23AM | 17 | THE DEFENDANT:  So I don't really -- I don't really |
| 11:23AM | 18 | get what you're saying.  So the plea agreement is not -- I |
| 11:23AM | 19 | don't get that part.  I'm kind of lost.  You saying that you |
| 11:23AM | 20 | accept the plea but not the agreement yet? |
| 11:23AM | 21 | THE COURT:  Right.  The plea doesn't bind me. |
| 11:23AM | 22 | THE DEFENDANT:  Okay. |
| 11:23AM | 23 | THE COURT:  It binds the parties and how you will |
| 11:23AM | 24 | proceed with one another.  It does not bind the Court.  So |
| 11:23AM | 25 | what I'll decide today is whether or not you're entering this |

| | | |
|---|---|---|
| 11:23AM | 1 | plea voluntarily, willingly, and knowingly. |
| 11:23AM | 2 | THE DEFENDANT:  Okay. |
| 11:23AM | 3 | THE COURT:  Once I read the presentence report and I |
| 11:23AM | 4 | feel the agreement that you've made between you and the |
| 11:23AM | 5 | Government is fair, then I will decide whether to accept it. |
| 11:23AM | 6 | THE DEFENDANT:  Okay. |
| 11:23AM | 7 | THE COURT:  Does that make sense? |
| 11:23AM | 8 | THE DEFENDANT:  Yeah, it does. |
| 11:23AM | 9 | THE COURT:  Okay.  Any other questions on that front? |
| 11:23AM | 10 | THE DEFENDANT:  No, ma'am. |
| 11:23AM | 11 | THE COURT:  All right. |
| 11:23AM | 12 | I had you, Mr. Hakes, summarize the factual basis to |
| 11:24AM | 13 | the offense.  Is there anything more you want to add about the |
| 11:24AM | 14 | factual basis for which this plea is being taken today? |
| 11:24AM | 15 | MR. HAKES:  Not at this time, Your Honor, no. |
| 11:24AM | 16 | THE COURT:  All right. |
| 11:24AM | 17 | Mr. Booker, we talked about the elements of the |
| 11:24AM | 18 | offense, and Mr. Hakes talked to you about what evidence he |
| 11:24AM | 19 | would bring at trial.  I do need to hear in your own words why |
| 11:24AM | 20 | you believe you are guilty of this offense and -- unless you |
| 11:24AM | 21 | want to read the statement of the written plea agreement and |
| 11:24AM | 22 | adopt that as your own, but I need to hear from you what you |
| 11:24AM | 23 | did that makes you guilty. |
| 11:24AM | 24 | So would you be able to do that at this time? |
| 11:24AM | 25 | THE DEFENDANT:  Yes, ma'am.  I believe because on |

| | | |
|---|---|---|
| 11:24AM | 1 | November 22nd I possessed controlled substance of cocaine |
| 11:24AM | 2 | base, and had the intentions to distribute it to others, it |
| 11:24AM | 3 | makes me guilty of Count 2 in Kentwood, Michigan. |
| 11:25AM | 4 | THE COURT:  And did you possess 6. -- 7.6 grams of |
| 11:25AM | 5 | cocaine base? |
| 11:25AM | 6 | THE DEFENDANT:  Yes, ma'am, I did. |
| 11:25AM | 7 | THE COURT:  That was found on your kitchen table? |
| 11:25AM | 8 | THE DEFENDANT:  Yes. |
| 11:25AM | 9 | THE COURT:  And you knew about that cocaine base, |
| 11:25AM | 10 | correct? |
| 11:25AM | 11 | THE DEFENDANT:  Yes, ma'am.  I knew it was there. |
| 11:25AM | 12 | THE COURT:  And had the ability to control it. |
| 11:25AM | 13 | THE DEFENDANT:  Yes, ma'am, I did. |
| 11:25AM | 14 | THE COURT:  Mr. Hakes, is there anything else you |
| 11:25AM | 15 | would like to elicit in terms of testimony from Mr. Booker in |
| 11:25AM | 16 | that regard? |
| 11:25AM | 17 | MR. HAKES:  Your Honor, I think that is legally |
| 11:25AM | 18 | sufficient. |
| 11:25AM | 19 | THE COURT:  Both parties are satisfied with the |
| 11:25AM | 20 | factual basis of the plea? |
| 11:25AM | 21 | MS. NIEUWENHUIS:  I am, Your Honor. |
| 11:25AM | 22 | THE COURT:  Thank you. |
| 11:25AM | 23 | At this time, I find that Mr. Booker understands the |
| 11:25AM | 24 | nature of the charges and the penalties provided by law.  I |
| 11:26AM | 25 | find that the plea is made knowingly and with full |

11:26AM  1   understanding of each of the rights explained to Mr. Booker,

11:26AM  2   and it's made voluntarily and free from any force, threats, or

11:26AM  3   promises apart from the plea agreement.

11:26AM  4           I also find that the plea has a sufficient factual

11:26AM  5   basis.  I accept the plea, and I adjudicate Mr. Booker guilty

11:26AM  6   of Count 2 of the Third Superseding Indictment.

11:26AM  7           With regard to the plea agreement, we'll talk about

11:26AM  8   that again when we next meet at sentencing.  With regard to

11:26AM  9   sentencing, we'll schedule a hearing in the next 90 to

11:26AM  10  120 days to give the probation department sufficient time to

11:26AM  11  do a thorough and adequate job in that report.

11:26AM  12          Again, as I noted earlier, you will have an

11:26AM  13  opportunity to participate and provide input in that.

11:26AM  14          And, Ms. Nieuwenhuis, I remind you of your obligation

11:27AM  15  to comply with the local rules regarding the presentence

11:27AM  16  report, preparations, interviews, and conferences.  So make

11:27AM  17  sure you give your input and that you're comfortable with

11:27AM  18  everything in there.

11:27AM  19          THE DEFENDANT:  Okay.

11:27AM  20          THE COURT:  I understand you will be continued under

11:27AM  21  detention at this time.

11:27AM  22          Is there anything, Counselors, that I have neglected

11:27AM  23  to address or that you would like to bring before the Court

11:27AM  24  today?

11:27AM  25          MR. HAKES:  No, Your Honor.

| | | |
|---|---|---|
| 11:27AM | 1 | MS. NIEUWENHUIS:  No, Your Honor.  Thank you. |
| 11:27AM | 2 | THE COURT:  All right. |
| 11:27AM | 3 | Again, when we come back, we will be dealing with |
| 11:27AM | 4 | three counts:  Of the Superseding Indictment, Counts 1 and 3; |
| 11:27AM | 5 | and then Count 2 of the Third Superseding Indictment. |
| 11:27AM | 6 | Is that correct? |
| 11:27AM | 7 | THE DEFENDANT:  Yes, ma'am. |
| 11:27AM | 8 | MS. NIEUWENHUIS:  That is correct. |
| 11:27AM | 9 | MR. HAKES:  Yes, Your Honor. |
| 11:27AM | 10 | THE COURT:  Thank you. |
| 11:27AM | 11 | That is all for the record. |
| 11:27AM | 12 | THE CLERK:  All rise, please.  This court is now |
| 11:28AM | 13 | adjourned. |
| 11:28AM | 14 | (At 11:28 a.m., the matter was |
| | 15 | concluded.) |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

*REPORTER'S CERTIFICATE*

1

2

3            I, Melinda I. Dexter, Official Court Reporter for

4    the United States District Court for the Western District of

5    Michigan, appointed pursuant to the provisions of Title 28,

6    United States Code, Section 753, do hereby certify that the

7    foregoing is a full, true, and correct transcript of the

8    proceedings had in the within entitled and numbered cause on

9    the date hereinbefore set forth; and I do further certify

10   that the foregoing transcript has been prepared by me or

11   under my direction.  WITNESS my hand this date, October 26,

12   2022.

13

14

15   _____
     Melinda I. Dexter, CSR-4629, RMR, CRR
16   U.S. District Official Court Reporter
     602 Federal Building
17   110 Michigan St., NW
     Grand Rapids, MI 49503
18

19

20

21

22

23

24

25